JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
KARA J. JANSSEN – 274762
HUGO CABRERA – 309289
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:      jbornstein@rbgg.com
            egalvan@rbgg.com
            kjanssen@rbgg.com
            HCabrera@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASHOK BABU, ROBERT BELL, IBRAHIM KEEGAN-HORNESBY, DEMAREA JOHNSON, BRANDON JONES, STEPHANIE NAVARRO, ROBERTO SERRANO, and ALEXANDER WASHINGTON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; GREGORY J. AHERN in his official capacity as Sheriff of the Alameda County Sheriff's Office; KARYN TRIBBLE in her official capacity as Director of the Alameda County Behavioral Health Care Services Agency; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:18-CV-07677<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>**Local Rule 16-9**<br><br>Judge: Hon. Nathanael Cousins<br>Date: October 30, 2019<br>Time: 10:00 am<br>Ctrm.: 5, 4th Floor<br><br>Trial Date: September 21, 2020 |

Plaintiffs Ashok Babu, Robert Bell, Ibrahim Keegan-Hornesby, Demarea Johnson, Brandon Jones, Stephanie Navarro, Roberto Serrano, and Alexander Washington ("Plaintiffs") and Defendants County of Alameda, Gregory J. Ahern, and Karyn Tribble ("Defendants") (collectively, the "Parties") jointly submit the following Case Management Conference Statement pursuant to the Court's May 29, 2019 Order, the Standing Order for All Judges of the Northern District of California dated November 1, 2018, and Civil Local Rule 16-9.  The Parties met and conferred prior to submitting this Joint Case Management Conference Statement.

## I.   STATUS OF EXPERT REVIEW AND SETTLEMENT DISCUSSIONS

As stated in the Parties' May 22, 2019 Joint Case Management Statement (ECF No. 29) the Parties previously agreed upon a panel of experts to review conditions in the Santa Rita Jail.  The experts completed their on-site reviews in October.  These reviews involved a combined total of eight days spent on-site at the Jail including interviews with staff and prisoners and review of voluminous documents produced by Defendants.  At this time, the experts are in the process of drafting their reports.

The Court's May 29 Order recommended that the Parties complete a settlement conference before Judge Beeler by October 30, 2019.  The Parties were unable to meet the recommended deadline due to scheduling issues which delayed issuance of the expert reports.  Due to the importance of the reports, the Parties agreed it would not be fruitful to proceed before Judge Beeler without them.  The Parties expect to have all expert reports prior to the settlement conference currently scheduled for December 17, 2019, and have agreed to meet and confer prior to that date to attempt to narrow the disputes for mediation.  The Parties plan to schedule additional settlement conferences for early 2020.

## II.   OTHER ITEMS

### A.   Replacement of Interim Director of Alameda County Behavioral Health with Permanent Director

Since the filing of the complaint, Karyn Tribble became the director of Alameda County Behavioral Health and replaced Carol Burton, who had been acting as interim

1  director.  Pursuant to Federal Rule of Civil Procedure 25(d), because Ms. Burton is named
2  in the complaint in her official capacity her successor may be automatically substituted as
3  a party.  As a result, the Parties have substituted Ms. Tribble for Ms. Burton in the caption
4  page on this filing.

**B.    Filing for Joint Class Certification and Potential Amendments to the Complaint**

The Parties still intend to jointly move for class certification pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and expect to be able to meet the Court's current deadline of December 6, 2019 for filing for class certification.

At the May 29, 2019 Case Management Conference, the Parties and the Court discussed whether an amendment of the complaint is needed to address (1) the closure of Glenn Dyer Jail and (2) that, following the filing of the complaint, several named Plaintiffs have been transported to state prisons.  In regards to the closure of Glenn Dyer, the Parties' position is that formal amendment of the complaint is not needed at this time because the Parties are willing to stipulate that any and all claims specifically regarding the Glenn Dyer facility, as opposed to system-wide allegations concerning policies and procedures still in effect at the Santa Rita Jail, are moot due to the closure without prejudice to Plaintiffs' right to reassert those claims should Glenn Dyer be put back into use as a correctional facility in the future.

In regards to the second item, since the filing of the complaint in December 2018, named Plaintiffs Babu, Bell, Keegan-Hornesby, and Johnson, have been sentenced and transported to various state prisons. However, amendment of the complaint is not required for purposes of the Parties' joint class certification motion because Plaintiffs Jones, Washington, Serrano, and Navarro remain incarcerated in Santa Rita Jail and therefore the "claims at issue are current for at least one named Plaintiff." *Hernandez v. Cty. of Monterey*, 305 F.R.D. 132, 149 (N.D. Cal. 2015) (certifying class in jail conditions case where certain named Plaintiffs had been transferred to CDCR) citing *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007) (en banc) (holding that "[i]n a class

action, standing is satisfied if at least one named plaintiff meets the requirements.")
Plaintiffs further maintain that Plaintiffs Babu, Bell, Keegan-Hornesby, and Johnson
continue to "have 'a personal stake in the outcome of the controversy'" because they are
subject to return to the Jail from CDCR for further court proceedings and will be subject to
supervision in Alameda County, and return to Santa Rita Jail for any parole violations,
upon release. *Hernandez v. Cty. of Monterey,* 70 F. Supp. 3d 963, 976 (N.D. Cal. 2014)
(finding county prisoners transferred to CDCR continued to have standing in class action
challenging jail conditions.)  As such, absent instruction from the Court otherwise,
Plaintiffs are not currently planning to amend Plaintiffs' complaint prior to the filing of the
Parties' Joint Motion for Class Certification.

      Pursuant to Local Rule 5-1(i)(3) concurrence in the filing of this document has been
obtained from each of the signatories below.

DATED:  October 23, 2019		Respectfully submitted,

						ROSEN BIEN GALVAN & GRUNFELD LLP


						By:  */s/ Kara Janssen*
						     Kara Janssen

						Attorneys for Plaintiffs

DATED:  October 23, 2019		BURKE, WILLIAMS & SORENSEN, LLP


						By:  */s/ Gregory B. Thomas*
						     Gregory B. Thomas, Esq.
						     Temitayo O. Peters, Esq.
						Attorneys for Defendants

| | | |
|---|---|---|
| 1 | DATED:  October 23, 2019 | HANSON BRIDGETT LLP |
| 2 | | |
| 3 | | By:  /s/ Samantha Wolff |
| 4 | | Paul B. Mello, Esq.<br>Samantha D. Wolff, Esq. |
| 5 | | Attorneys for Defendants |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28