1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHOK BABU, et al.,

          Plaintiffs,

      v.

GREGORY J. AHERN, et al.,

          Defendants.

Case No.18-cv-07677-NC

**PRETRIAL PREPARATION
ORDER**

A pretrial conference is scheduled for August 19, 2020.  A jury trial is scheduled in this case on September 21, 2020.  This order prepares for the trial.

**I.      MOTIONS IN LIMINE**

The parties must file their motions in limine by August 5, 2020, with responses due by August 12, 2020.  No party may file a reply without leave of Court.  The total number of pages each party submits for all motions and all responses must not exceed 15 pages. While it is up to each party to decide how much space to allocate for their motions and how much for their responses, the parties must each stay within the 15-page limit (e.g., a party can allocate 9 pages for their motions, and 6 pages for their responses).  The Court will hold a hearing on the motions in limine at the pretrial conference.

**II.     JOINT TRIAL READINESS BINDER**

The parties are ordered to provide the Court with two copies of a Joint Trial Readiness Binder.  The documents and binder are due by August 5, 2020, at 12 p.m. at the

United States District Court
Northern District of California

1    San Jose Courthouse.  The parties must also file a copy of the Joint Trial Readiness Binder

2    in ECF.  The Joint Trial Readiness Binders must contain an index and copies of filed

3    documents with the ECF header reflecting the item's docket number and filing date,

4    including:

5                   **A.  Proposed Order Re: Trial Stipulations**

6           The Court expects that the parties will agree to a variety of stipulations regarding

7    the conduct of the trial.  A proposed order outlining all such stipulations must be presented

8    to the Court.

9                           **B.  Witness Lists**

10          The parties must submit an updated list of all witnesses likely to be called at trial

11   (other than solely for impeachment or rebuttal), with a brief statement following each

12   name describing the substance of the testimony to be given and a time estimate of the

13   direct and cross examinations.  This information must be presented in chart format and

14   organized by party.  Witnesses who will be testifying as experts should be identified as

15   such and included in a separate expert witness list (see below).

16                        **C.  Expert Witness Lists**

17          The parties must submit an updated list of all expert witnesses with a summary

18   which must clearly describe the expert's theories and conclusions; a curriculum vitae; and

19   expert reports.  Witnesses not included on the list may be excluded from testifying.

20       **D.  Updated Exhibit Lists Annotated with Stipulations/Objections**

21          The parties must submit an updated list of all documents and other items to be

22   offered as exhibits at the trial (other than solely for impeachment or rebuttal), with a brief

23   description of each exhibit's contents, and the identify of each sponsoring witness.  As

24   applicable, the exhibit list must specify whether the parties stipulate to admit the exhibit or

25   the grounds for any objections to the exhibit.  The exhibit list must also include an

26   additional column so that the Court can track the date on which each exhibit is admitted.

27   Prior to submitting the list, the parties must meet and confer and attempt to stipulate as to

28   the admissibility of each exhibit.  This information must be presented in chart format and

1  organized numerically.

2  ### E.  Updated List of Discovery Excerpts

3  The parties must list those excerpts from depositions, from interrogatory answers,

4  or from responses to requests for admission (other than those solely for impeachment or

5  rebuttal) likely to be used as trial.  Prior to submitting the list, the parties must meet and

6  confer and attempt to resolve any disagreements regarding designations or counter-

7  designations.  The parties must (i) identify any remaining legal objections to the excerpts

8  on the list itself, and (ii) attach in a separate appendix copies of the disputed excerpts so

9  that the Court can review the disputed materials.  The parties must provide a single

10  proposed order with each disputed designation which will allow the Court to rule on

11  whether permission to use each is granted, granted with modification, or denied.

12  ### F.  Voir Dire Questions

13  The parties must include any proposed jury questionnaire or questions for the court-

14  directed voir dire, if applicable.  If any questions are contested, each party must state the

15  basis for proposing or opposing the question.

16  ## III.  ELECTRONIC COPIES OF TRIAL DOCUMENTS

17  The parties must send an electronic copy in Word format to

18  ncpo@cand.uscourts.gov of the following documents listed above: (i) Proposed Order Re:

19  Trial Stipulations; and (ii) Proposed Order Re: Discovery Excerpts.

20  ## IV.  STIPULATIONS RE: ADMISSIBILITY

21  The parties must make a good faith effort to stipulate to exhibits' admissibility.  If

22  stipulation is not possible, the parties must make every effort to stipulate to authenticity

23  and foundation absent a legitimate objection.

24  ## V.  EXHIBITS

25

26  Exhibits must be provided to the Court by August 5, 2020, at 12:00 p.m. at the San

27  Jose Courthouse as follows: two sets of exhibits marked, tabbed, indexed, and to be

28  provided in binders.  Exhibit sets may be delivered/mailed directly to Chambers in San

1   Jose.  The parties must otherwise coordinate with the Courtroom Deputy for other

2   delivery.

3          Each exhibit must be pre-marked with an exhibit tag placed in the top right corner

4   of the first page of a document.  Parties are to use a color other than white for the exhibit

5   tags.  A page of blank trial exhibit tags can be found on the Court's website.  If an exhibit

6   is a physical object (rather than a document), a picture should be taken and placed in the

7   binder.

8          Upon the conclusion of the trial, each party must retain its exhibit through the

9   appellate process.  It is each party's responsibility to make arrangement with the Clerk of

10  Court to file the record on appeal.

11  **VI.     SCHEDULING OF JURY SELECTION**

12         The parties must notify the Court whether they wish to proceed with a jury or bench

13  trial by August 5, 2020.  If the parties decide to proceed with a jury trial, the jury will be

14  selected September 21, 2020.  Opening statements will be on September 21, 2020 after

15  jury selection.  The first witness will be called on September 22, 2020.

16  **VII.    JURY INSTRUCTIONS**

17         If applicable, the parties must submit jointly to the Court via email in Word format

18  to ncpo@cand.uscourts.gov a set of jury instructions by August 5, 2020.  If any

19  instructions are contested, each party must state the legal basis for proposing or opposing

20  the instructions.

21  **VIII. SUMMARY OF CASE STATEMENT**

22         By August 5, 2020, the parties must jointly submit an agreed-upon summary of the

23  case, not to exceed one page.  This statement of the case will be read to the jury at jury

24  selection. If the parties cannot agree on such a statement, each party must submit its own

25  summary, not to exceed one page.

26  **IX.     TRIAL LIMITS**

27

28         The Court anticipates giving each side a total of 15 hours to present its case.  This

4

includes all aspects of trial (e.g., objections, examinations) except jury selection.

## X.    MISCELLANEOUS

### A.    Trial Transcripts

If a trial transcript is desired, it must be ordered by August 5, 2020.  Find instructions on how to file a transcript order using Form CAND-435 at www.cand.uscourts.gov/transcripts.

### B.    Electronic Equipment

If a party wishes to use electronic equipment or other large items (such as bookshelves), the party must file a request and proposed order with the Court by August 5, 2020.  Equipment not provided by the Court must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Lili Harrell at (408) 535-5343, as to an appropriate time for doing so.

### C.    Questions from Jury

If the parties select a jury trial, the Court will give an instruction to allow questions from the jury in accordance with Ninth Circuit Model Instruction 1.15 ("Questions to Witnesses by Jurors").

**IT IS SO ORDERED.**

Dated:  January 10, 2020 _____

NATHANAEL M. COUSINS
United States Magistrate Judge