1 DAVID L. ANDERSON (CABN 149604)
United States Attorney

2
HALLIE HOFFMAN (CABN 210020)
3 Chief, Criminal Division

4 JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney
5
   1301 Clay Street, Suite 340S
6    Oakland, California 94612
   Telephone: (510) 637-3680
7    FAX: (510) 637-3724
   Jonathan.Lee@usdoj.gov
8
Attorneys for United States of America
9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                   OAKLAND DIVISION

| | |
|---|---|
| 13  ASHOK BABU, et al., | ) CASE NO. 18-cv-07677 NC |
| | ) |
| 14       Plaintiffs, | ) **ADMINISTRATIVE MOTION FOR LEAVE OF** |
| | ) **COURT TO FILE LETTER DATED JUNE 3,** |
| 15   v. | ) **2020; DECLARATION OF JONATHAN U. LEE;** |
| | ) **(PROPOSED) ORDER** |
| 16  GREGORY J. AHERN, et al., | ) |
| | ) |
| 17       Defendants. | ) |

# ADMINISTRATIVE MOTION FOR LEAVE OF COURT
# TO FILE LETTER DATED JUNE 3, 2020

The United States respectfully submits this administrative motion seeking leave of Court to file a letter dated June 3, 2020, which is attached as Exhibit A to the supporting declaration filed herewith. This motion is made under Federal Rule of Civil Procedure 7(b) and Civil Local Rule 7-11.

In this class action, plaintiffs are inmates at Santa Rita Jail alleging federal and state constitutional deprivations in the provision of mental health care. The United States is not a party. However, during record proceedings in the litigation, counsel for plaintiffs has criticized the United States with respect to its response to individual federal detainees' motions for release. These motions for release were made in the detainees' criminal proceedings, not in this action. To respond to counsel's criticism and to correct the record, the United States makes this request to the Court for leave to file the June 3, 2020 letter.

On June 2, 2020, the undersigned discussed this application and the substance of the June 3, 2020 letter with lead counsel for the plaintiffs in this action, and plaintiffs' counsel stated non-opposition to this application. Declaration of Jonathan U. Lee, ¶ 3.

For these reasons, the United States requests an order granting leave to file the June 3, 2020 letter.

DATED: June 3, 2020　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　DAVID L. ANDERSON
　　　　　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　　　　　　*Jonathan U. Lee*
　　　　　　　　　　　　　　　　　　　　　　　　JONATHAN U. LEE
　　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

ADMINISTRATIVE MOTION
18-cv-07677 NC

| | |
|---|---|
| 1 | **DECLARATION OF JONATHAN U. LEE** |
| 2 | I, Jonathan U. Lee, declare as follows: |
| 3 | 1. I am an Assistant United States Attorney. I make this declaration from personal |
| 4 | knowledge, and if called as a witness, I could and would competently testify thereto. |
| 5 | 2. Attached hereto as Exhibit A is a true and correct copy of a letter dated June 3, 2020, |
| 6 | bearing my electronic signature. |
| 7 | 3. On June 2, 2020, I participated in a telephone conference with class counsel Jeffrey |

# DECLARATION OF JONATHAN U. LEE

I, Jonathan U. Lee, declare as follows:

1. I am an Assistant United States Attorney. I make this declaration from personal knowledge, and if called as a witness, I could and would competently testify thereto.

2. Attached hereto as Exhibit A is a true and correct copy of a letter dated June 3, 2020, bearing my electronic signature.

3. On June 2, 2020, I participated in a telephone conference with class counsel Jeffrey Bornstein and Kara Janssen. In that conference, I informed both counsel that I would be seeking leave of Court today to file a letter addressed to the Court and discussing counsel's criticisms, and I discussed the substance of the letter with counsel. Counsel informed me that plaintiffs had no objection to this filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Oakland, California, on June 3, 2020.

*Jonathan U. Lee*

ADMINISTRATIVE MOTION
18-cv-07677 NC

# EXHIBIT A



*United States Attorney*
*Northern District of California*

*1301 Clay Street, Suite 340S*  *(510) 637-3680*
*Oakland, California 94612*  *FAX:(510) 637-3724*

June 3, 2020


BY E-FILING

The Honorable Nathanael Cousins
United States Magistrate Judge
San Jose Courthouse, Courtroom 5 – 4th Floor
280 South 1st Street
San Jose, CA  95113

      Re:    *Babu, et al. v. Ahern, et al.*, Case No. 18-cv-07677 NC

Your Honor:

      I am an Assistant United States Attorney in the Northern District of California.  I write with regard to the above-referenced class action litigation, in which inmates at Santa Rita Jail allege constitutional deprivations in the provision of psychiatric care and mental health services.  Although the United States is not a party to this litigation, and the response of the United States to the Covid-19 outbreak is not a part of the filed complaint, class counsel has taken the opportunity of the litigation to criticize the United States for not responding to the Covid-19 outbreak in the same way as some local prosecutors offices have responded.

      Although the record comments of class counsel have no legal effect, they could affect public confidence in federal prosecutions in this judicial district.  This letter has been written to respond to the comments of class counsel and to correct the record.  Before submitting this letter, I spoke with class counsel, who stated non-opposition to the filing of this letter.

      The comments of class counsel (and I am paraphrasing) are that the United States has not agreed to the release of pretrial detainees in the same volume as some local prosecutors offices and that this disparity reflects the United States' disregard of the health risks posed by Covid-19.

      The comments of class counsel are predicated on an unstated premise that federal and state interests in pretrial detention are identical.  That premise is not supported by empirical data.  Instead, a side-by-side comparison of the federal and state criminal justice systems highlights differences in process and accounts for the divergence in outcomes.

Fewer More Impactful Federal Cases

First, the United States typically charges fewer criminal cases than our state counterparts. But in those cases it does bring, the United States often charges defendants with particularly dangerous federal crimes. The United States endeavors to ensure that the cases it brings are as impactful as possible.

The table below illustrates aspects of this point. It summarizes data from the federal and state court systems, respectively. The county-level data is from the Judicial Council's 2017 report, the most recent available, and it shows that local prosecutors in each of the individual counties listed filed more felony cases per year than the number of cases initiated by our office for the entire district.

| Case filing data | |
|---|---|
| Northern District of California[1] | 656 cases[2] annually (3 yr. avg.) |
| All California state courts[3] | 230,867 felony cases annually (3 yr. avg.) |
| Bay Area counties | |
| -Alameda | 12,050 |
| -Santa Clara | 6,989 |
| -San Francisco | 3,697 |
| -Contra Costa | 3,235 |
| -San Mateo | 2,626 |
| -Marin | 842 |

The number of cases initiated by the United States Attorney's Office each year is a fraction of the 29,000 inmates booked into Santa Rita Jail annually. Of necessity, the seriousness of these federal cases can skew the appropriateness of releasing certain of these federal detainees in comparison with the larger number of state detainees.

Rigorous Federal Detention Standards

Second, in order to detain a federal defendant, the United States must meet a high standard. This high level of due process that precedes the detention of a federal defendant further explains why there would be fewer federal defendants released retrospectively in comparison with state defendants.

18 U.S.C. § 3142 requires pretrial release "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." The Bail Reform Act further provides that if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." This

---

[1] U.S. Administrative Office of the Courts, Federal Pretrial Services - Defendants Released and Detained, Table H-14; https://www.uscourts.gov/data-table-numbers/h-14
[2] Table H-14 defines "cases" as defendants whose cases were activated during the 12-month reporting cycle. The term excludes dismissals, transfers out of district, diversion cases, and cases in which release is not possible within 90 days.
[3] Judicial Council of California, 2017 Statistics Report; https://www.courts.ca.gov/documents/2017-Court-Statistics-Report.pdf

scheme, enacted in 1984, emphasizes the individualized assessment of risk pertaining to each defendant. Typically, an investigation by Pretrial Services is a predicate of this risk assessment, and the federal detention process is also often characterized by zealous advocacy on behalf of the parties, including proffers and arguments regarding the risk of non-appearance, danger to the community, or both. As a result, federal detainees at Santa Rita Jail are detained after discretionary and deliberate decision-making resulted in their prosecution and after an individualized risk-based assessment resulted in their detention.

Recently, several federal detainees have revisited those decisions within the same judicial decision-making framework, citing their concerns relating to Covid-19. Detainees have filed motions for release, and after a hearing, the Court has issued rulings.[4] In our view, this is the proper mechanism, because it ensures that a judicial officer will decide any request for release after balancing the safety of the community and other pertinent considerations. In so doing, the Court is able to draw on its previous assessment of the risk associated with each individual defendant's detention, as well as information developed by Pretrial Services' investigation and the advocacy of the attorneys.

By contrast, although California has taken steps in recent years to reform its bail standards and procedures, including the use of risk-based assessment tools in some counties, the new state scheme has not been fully implemented and is on hold pending the outcome of a statewide referendum in November. Notably, California considered and adopted key concepts from the federal system in fashioning its recent reforms.

As a result of these differences, federal pretrial release rates are substantially higher than release rates for state felony cases.

| Detention data | | | |
|---|---|---|---|
| NDCA[5] | New Cases | Detained[6] / Pct. | Released / Pct. |
| 2019 | 760 | 328 / 43.2 | 432 / 56.8 |
| 2018 | 609 | 279 / 45.8 | 330 / 54.2 |
| 2017 | 599 | 256 / 42.7 | 343 / 57.3 |
| 3 yr. rounded avg. | 656 | 288 / 43.9 | 368 / 56.1 |
| 5-yr rounded avg. | 647 | 280 / 43.3 | 367 / 56.7 |
| 10-yr rounded avg. | 786 | 398 / 50.6 | 388 / 49.4 |
| California[7] | | | Pct. |
| Felony (overall) | | | 29.8 |
| Felony (low) | | | 33.1 |
| Felony (high) | | | 21.7 |
| Misdemeanor | | | |
| (low) | | | 53.9 |
| (high) | | | 45.8 |

---

[4] Our office recently provided the Court with a compendium of 29 contested motions for release, 19 of which the Court denied.
[5] See n. 1. https://www.uscourts.gov/data-table-numbers/h-14
[6] Table H-14 defines "Detained" to mean never released. "Released" means if ever released, i.e., later released, released and later detained, and never detained.
[7] Tafoya et al., Pretrial Release in California (Public Policy Inst. of Cal., May 2017), p. 3. https://www.ppic.org/publication/pretrial-release-in-california/.

As these data suggest, the high bar set in federal court to detain a federal defendant would appear to be meaningfully higher than for local defendants in state courts. The reasonable inference from these differences is that any re-evaluation of the possible release of a federal detainee is less likely to result in release.

Federal Incarceration Rates Are Comparatively Low

Third, the quantity of incarceration resulting from federal prosecution, whether measured in the aggregate or per capita, is substantially smaller than incarceration at the state level. Based on the most recent report available from the Bureau of Justice Statistics, the census of federal inmates in 2016 was 188,400. According to www.bop.gov, the current total census is lower at 169,080. The Prison Policy Initiative includes inmates in the custody of the U.S. Marshal in its total of 226,000 inmates in federal custody.[8]

Using any of these three federal inmate census measures, the total population of inmates in federal custody is approximately 10% of the national inmate census. Indeed, the entire federal census of inmates is comparable in aggregate terms to the individual state prison systems of California or Texas. When measured by the rate of incarcerated adults per 100,000 residents, federal incarceration occurs much less frequently than in state prison systems. BOP's rate is 0.08%, compared to 0.67% for California and 0.78% for all state prison systems, as shown by the following table.

| Incarceration data[9] | | |
|---|---|---|
| Jurisdiction | Inmate Census | Rate per 100,000 adult residents |
| All BOP | 188,400 | 80 |
| California | 202,700 | 670 |
| Texas | 218,500 | 1,050 |
| All 50 States | 1,942,000 | 780 |

The federal versus state disparity also holds true for pretrial detainees. According to Prison Policy Initiative's 2020 report, there are approximately 555,000 pretrial detainees nationwide, with approximately 60,000 of those – roughly 11% of the total -- in federal pretrial detention.

Finally, the United States Attorney's Office has proactively engaged in an extended dialogue about the risks imposed by the public health crisis with the Court, the defense bar and other stakeholders in the federal criminal justice system. When a detainee demonstrates an elevated risk from Covid-19, our office has a record of consistently and carefully weighing those risks on a case-by-case basis and evaluating whether appropriate release conditions may be ordered for a particular detainee. Even so, when the detainee does not have an elevated risk, the United States has taken the position that the existence of Covid-19 is not, by itself, a basis for release. Ultimately, our office's assessment must balance the risks to the community from the spread of Covid-19 against the risks of danger to the community and flight for each detainee. We understand that there are sometimes differing viewpoints on these issues. When those

---

[8] Prison Policy Initiative, Mass Incarceration: The Whole Pie 2020. https://www.prisonpolicy.org/reports/pie2020.html
[9] Bureau of Justice Statistics, Correctional Populations in the United States, 2016; https://www.bjs.gov/index.cfm?ty=pbdetail&iid=6226

differences arise, we trust that judicial fact-finding under the Bail Reform Act of 1984 will provide the best possible outcome for the community.

 Thank you for this opportunity to provide the enclosed information.

         Very truly yours,

         DAVID L. ANDERSON
         United States Attorney


         *Jonathan U. Lee*

         JONATHAN U. LEE
         Assistant United States Attorney

Courtesy Copies by Email to:

Jeffrey L. Bornstein, Esq.
Kara J. Janssen, Esq.
Rosen Bien Galvan & Grunfeld
101 Mission Street, Sixth Floor
San Francisco, CA  94105-1738
[Lead counsel for plaintiffs]

Gregory B. Thomas, Esq.
Burke Williams & Sorensen, LLP
1901 Harrison Street, Suite 900
Oakland, CA  94612-3501
[Lead counsel for defendants]

| | |
|---|---|
| 1 | **[PROPOSED] ORDER** |
| 2 | For good cause shown, the Court GRANTS this motion for leave of Court to file the June 3, |
| 3 | 2020 letter on the docket in this action. |
| 4 | **IT IS SO ORDERED**. |
| 6 | DATED: _____ |
| 7 | HON. NATHANAEL COUSINS<br>UNITED STATES MAGISTRATE JUDGE |