UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHOK BABU, and others,<br><br>    Plaintiffs,<br><br>        v.<br><br>GREGORY J. AHERN, and others,<br><br>    Defendants. | Case No. 18-cv-07677-NC<br><br>**ORDER DENYING MOTION TO INTERVENE; GRANTING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 149, 173 |

Before the Court are two motions: (1) a motion to intervene by the plaintiffs in *Gonzalez et al. v. Alameda County Sheriff's Office*, Case No. 19-cv-07423-JSC, and (2) a motion for leave to amend the complaint by plaintiff Ashok Babu.  The Court finds that intervention is not required and DENIES the *Gonzalez* plaintiffs' motion to intervene.  Because Defendants do not oppose, the Court also GRANTS Babu's motion for leave to amend.  Each motion is discussed in turn below.

**I.   Motion to Intervene**

Federal Rule of Civil Procedure 24(a)(2) permits intervention as a matter of right when the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Put differently, a would-be intervenor under Rule

24(a)(2) must show that: "(1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1988)).

Rule 24 also permits permissive intervention. Under Rule 24(b)(1), permissive intervention is appropriate when the would-be intervenors "ha[ve] a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Courts consider numerous factors including:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Perry*, 630 F.3d at 905 (quoting *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

The *Gonzalez* plaintiffs seek to intervene under both Rule 24(a)(2) and 24(b)(1). According to the *Gonzalez* plaintiffs, intervention is necessary to give them a forum in which to present and litigate their concerns relating to Santa Rita Jail's handling of the COVID-19 pandemic. *See* ECF 149 at 17. Neither rule, however, permits their intervention here.

First, intervention as a matter of right is not appropriate because the *Gonzalez* plaintiffs have not shown that the disposition of this lawsuit would impair or impede their

1  ability to protect its interest.  *Gonzalez* plaintiffs are also members of the class previously
2  certified by the Court.  *See* ECF 64.  As members of the class, their interests relating to the
3  Santa Rita Jail's COVID-19 response are already being protected and litigated in this
4  action.  Indeed, in denying the *Gonzalez* plaintiffs' motion for a temporary restraining
5  order, Magistrate Judge Corley noted that much of the *Gonzalez* plaintiffs' concerns were
6  already being addressed here.  *See Gonzalez*, Case No. 19-cv-07423-JSC, ECF 41 at 9–10,
7  12.

8  Second, the *Gonzalez* plaintiffs also fail to show that Babu and his counsel are
9  unable to adequately represent their interests.  This, too, dooms the *Gonzalez* plaintiffs'
10 attempt to intervene as a matter of right.  The *Gonzalez* plaintiffs first argue that their
11 "ultimate goal" differs from that of Babu because they are concerned with sanitation,
12 rather than mental health.  *See* ECF 149 at 11.  But, as Babu's motion for leave to amend
13 and proposed amended complaint make clear, Babu and his counsel are also concerned
14 with sanitation insofar as it relates to Santa Rita Jail's COVID-19 response.  The *Gonzalez*
15 plaintiffs also take issue with Babu's decision to jointly retain an expert, Mike Brady.  *See*
16 ECF 149 at 12.  Their disagreement with Babu's litigation strategy, however, is not
17 sufficient grounds to intervene.  *See League of United Latin Am. Citizens v. Wilson*, 131
18 F.3d 1297, 1306 (9th Cir. 1997).

19 Finally, permissive intervention is not appropriate for similar reasons.  As explained
20 above, the *Gonzalez* plaintiffs have not shown that their interests are inadequately
21 represented by Babu and his counsel.  The *Gonzalez* plaintiffs have also failed to
22 demonstrate that their intervention would not unduly prolong or delay litigation.  The
23 Court first conducted proceedings relating to Santa Rita Jail's COVID-19 response on
24 March 30, 2020.  *See* ECF 85, 86.  Almost six months passed before the *Gonzalez*
25 plaintiffs brought their motion to intervene.  *See* ECF 149.  Permitting intervention now
26 would likely cause undue delay and undermine the parties' progress over the last six
27 months.

28 Accordingly, the Court DENIES the *Gonzalez* plaintiffs' motion to intervene.

## II. Motion for Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Rule 15 is applied liberally and a court may not deny leave to amend unless it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Babu seeks to amend his complaint to clarify their concerns regarding Defendants' COVID-19 related policies and practices. *See* ECF 173-1. Babu does not seek to alter their class definition or add additional claims or defendants. Although Defendants deny the new factual allegations in Babu's proposed amended complaint, they do not oppose Babu's request to amend his complaint. *See* ECF 181 at 2.

Reviewing Babu's proposed amendments, the Court concludes that there has been no undue delay, bad faith, or improper motive. Likewise, amendment would not be futile because Babu only seeks to amend his factual allegations. Given that Defendants do not oppose Babu's motion, Babu's proposed amendments do not prejudice Defendants.

Accordingly, the Court GRANTS Babu's motion for leave to amend.

## III. Conclusion

The Court DENIES the *Gonzalez* plaintiffs' motion to intervene. The Court GRANTS Babu's motion for leave to amend his complaint.

**IT IS SO ORDERED.**

Dated: August 13, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge