JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
KARA J. JANSSEN – 274762
REKHA E. ARULANANTHAM – 317995
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:   jbornstein@rbgg.com
    egalvan@rbgg.com
    kjanssen@rbgg.com
    rarulanantham@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASHOK BABU, ROBERT BELL, IBRAHIM KEEGAN-HORNESBY, DEMAREA JOHNSON, BRANDON JONES, STEPHANIE NAVARRO, ROBERTO SERRANO, and ALEXANDER WASHINGTON on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF ALAMEDA; GREGORY J. AHERN in his official capacity as Sheriff of the Alameda County Sheriff's Office; KARYN TRIBBLE in her official capacity as Director of the Alameda County Behavioral Health Care Services Agency; and DOES 1 to 20, inclusive,<br><br>　　　　　Defendants. | Case No. 5:18-CV-07677<br><br>**PLAINTIFFS' RESPONSE IN SUPPORT OF DISABILITY RIGHTS CALIFORNIA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:  Hon. Nathanael Cousins |

Plaintiffs Ashok Babu, Robert Bell, Ibrahim Keegan-Hornesby, Demarea Johnson, Brandon Jones, Stephanie Navarro, Roberto Serrano, and Alexander Washington ("Plaintiffs") support Disability Right California's Administrative Motion to Consider Whether Cases Should Be Related (Dkt. 185).

## LEGAL STANDARD

Pursuant to Civil Local Rule 3–12, actions are related if they "concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Relation may be proper even where the claims are not identical as long as there is "at a minimum, sufficient overlap to create duplication of effort." *Fin. Fusion, Inc. v. Ablaise Ltd.*, Case No. C-06-2451 PVT, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006). "Relation is not consolidation. Two related cases may still proceed on different schedules." *Id.* at *4.

## ARGUMENT

**I.   *Babu* and the DRC Matter Involve Substantially the Same Parties, Property, Transaction or Event**

*Babu v. County of Alameda* and *Disability Rights California v. County of Alameda* ("*DRC*") involve substantially the same parties. Defendants in both *Babu* and *DRC* are the County of Alameda and entities or officials who operate within Defendants County of Alameda. While *Babu* also names Sheriff Gregory Ahern and the Director of Alameda County Behavioral Services in their official capacities and *DRC* names Alameda Health Services, these are distinctions without a difference as the County is ultimately responsible for the services provided. Additionally, the certified Disability Subclass in *Babu* consists of individuals with psychiatric disabilities (Dkt. 64, ¶ 5) who are eligible for DRC's services and qualify as "DRC Constituents" as defined in the *DRC* complaint. Dkt. 185, Ex. A at ¶¶ 23-24.

The claims, while not identical, overlap significantly in critical areas. *Babu* is concerned with mental health care provided to class members, but such care is not solely

limited to actions that occur physically within the walls of the Santa Rita Jail. For instance *Babu* challenges Defendants intake process including the process of obtaining psychiatric prescriptions and records from outside of the Jail to ensure continuity of care (Dkt. 186 at ¶¶ 105-119; 122 ("Prisoners' mental health records kept by Defendant BHCS usually contain no records of any community care, even when a prisoner discloses a history of psychiatric care in the community"); the cycling of class members, including named Plaintiffs, back and forth from John George Psychiatric Pavilion and the Jail (*Id.* at ¶¶ 12-13 (Babu); ¶¶ 20-22 (Keegan-Hornesby); Jones (¶¶ 26-27); Washington (¶ 32)); and the Jail's discharge planning process which is a program, services, or activity of the Jail under federal and state disability laws (*Id.* ¶¶ 199 ("programs, services, and activities that Defendants provide to prisoners include, but are not limited to,…discharge services). All of these issues substantially overlap with issues addressed within the *DRC* matter.

Any attempts to distinguish based on the location where the services are offered is disingenuous as individuals constantly cycle in and out of the Jail and the mental health services at issue are provided by the same Defendant named in the *DRC* action, Alameda Behavioral Health Care Services, through their forensic division. As such the first prong is met as core aspects of the case involve substantially the same parties and events.

## II. Conducting the Cases Before Different Judges Could Create An Unduly Burdensome Duplication of Labor and Expense or Conflicting Results

As Disability Rights California recognizes in its motion, *Babu's* focus on the Jail and *DRC's* focus on psychiatric institution and lack of community based services are interconnected parts of a single system. They are operated by the same entity, Defendant County of Alameda, largely through Defendant Behavioral Health Care Services, whose Director is a named Defendants in *Babu* and who also provides services at the Jail. Additionally, while *Babu* includes constitutional claims as well, both cases include claims under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Government Code Section 11135. The fact the cases are at different stages of litigation, in this context, is a reason to grant *DRC's* motion, not deny it as Defendants urge. The *Babu*

Court is already familiar with the allegations regarding mental health services provided at the Jail and expert tours and reports concerning that care, including placement in outside psychiatric facilities, lack of continuity of care, and lack of discharge planning, have already been conducted and filed with this Court. Relating the cases could allow the parties to more efficiently address the issues that overlap while also allowing the cases to proceed as necessary on their own tracks. *Fin. Fusion, Inc. v. Ablaise Ltd.*, Case No. C-06-2451 PVT, 2006 WL 3734292, at *4 (N.D. Cal. Dec. 18, 2006) ("Relation is not consolidation. Two related cases may still proceed on different schedules.")

## CONCLUSION

Relation is appropriate under Civil Local Rule 3-12 and the *Babu* and *DRC* matters should be conducted before the same Judge.

DATED: August 18, 2020　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　ROSEN BIEN GALVAN & GRUNFELD LLP

　　　　　　　　　　　　　　　　　　By: */s/ Kara J. Janssen*
　　　　　　　　　　　　　　　　　　　　　Kara J. Janssen

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs