JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
KARA J. JANSSEN – 274762
ROSEN BIEN GALVAN &
GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        jbornstein@rbgg.com
              egalvan@rbgg.com
              kjanssen@rbgg.com

Attorneys for Plaintiffs

GREGORY B. THOMAS – 239870
TEMITAYO O. PETERS – 309913
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA  94612-3501
Telephone:    (510) 273-8780
Facsimile:    (510) 839-9104
Email:        gthomas@bwslaw.com
              tpeters@bwslaw.com

PAUL B. MELLO – 179755
SAMANTHA D. WOLFF – 240280
HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366
Email:        pmello@hansonbridgett.com
              swolff@hansonbridgett.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASHOK BABU, ROBERT BELL, IBRAHIM KEEGAN-HORNESBY, DEMAREA JOHNSON, BRANDON JONES, STEPHANIE NAVARRO, ROBERTO SERRANO, and ALEXANDER WASHINGTON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; GREGORY J. AHERN in his official capacity as Sheriff of the Alameda County Sheriff's Office; CAROL BURTON in her official capacity as Interim Director of the Alameda County Behavioral Health Care Services Agency; and DOES 1 to 20, inclusive,,<br><br>Defendants. | Case No. 5:18-CV-07677<br><br>**STIPULATION AND [PROPOSED] ORDER RE DEPARTMENT OF JUSTICE PARTICIPATION IN ONGOING SETTLEMENT DISCUSSIONS**<br><br>Judge:   Hon. Laurel Beeler<br><br>Trial Date: August 30, 2021 |

[3730031.2]

Case No. 5:18-CV-07677

1    IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES THAT:

2    Based on the "Investigation of Alameda County, John George Psychiatric Hospital,

3   and Santa Rita Jail" issued by the Department of Justice ("DOJ") on April 22, 2021, the

4   DOJ may participate in meet and confers between the Parties, review documents including

5   drafts of the Consent Decree, and observe and/or participate in settlement conferences

6   before the Honorable Laurel Beeler regarding this case.

7    The DOJ understands it will be bound by the Protective Order, Dkt. 30 in this case,

8   attached hereto as **Exhibit A**.   The DOJ further understands its review of written

9   materials, including drafts of the Consent Decree, and any observation of or participation

10  in settlement discussions are bound by the settlement privilege.

11

12                                              Respectfully submitted,

13  DATED:  May 4, 2021              ROSEN BIEN GALVAN & GRUNFELD LLP

14
                                              By:  */s/ Rekha Arulanantham*
15                                                 Rekha Arulanantham

16                                              Attorneys for Plaintiffs

17  DATED:  May 4, 2021              BURKE, WILLAMS & SORENSEN LLP

18
                                              By:  */s/ Gregory B. Thomas*
19                                                 Gregory B. Thomas
20                                                 Temitayo O. Peters

21  DATED:  May 4, 2021              HANSON BRIDGETT LLP

22
                                              By:  */s/ Paul B. Mello*
23                                                 Paul B. Mello
24                                                 Samantha D. Wolff

25                                              Attorneys for Defendants

26

27

28

[3730031.2]                                  1                    Case No. 5:18-CV-07677

1

2   DATED:  May 4, 2021           UNITED STATES DEPARTMENT OF JUSTICE
                                  Civil Rights Division
3
                                  By:  /s/ Maura Klugman
4                                      Maura Klugman
                                       Jessica Polansky
5
                                  Attorneys for Interested Party the United States
6

7

8
                                  [PROPOSED] ORDER
9
        IT IS SO ORDERED.
10

11
    DATED:  ___May 5, 2021_____
12                                     _____
                                       Honorable Laurel Beeler
13                                     United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# E X H I B I T   A

1  JEFFREY L. BORNSTEIN – 099358
   ERNEST GALVAN – 196065
2  KARA J. JANSSEN – 274762
   HUGO CABRERA – 309289
3  ROSEN BIEN GALVAN & GRUNFELD LLP
   101 Mission Street, Sixth Floor
4  San Francisco, California  94105-1738
   Telephone:   (415) 433-6830
5  Facsimile:   (415) 433-7104
   Email:       jbornstein@rbgg.com
6                egalvan@rbgg.com
                 kjanssen@rbgg.com
7                hcabrera@rbgg.com

8  Attorneys for Plaintiffs

9              UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12  ASHOK BABU, ROBERT BELL,            Case No. 4:18-CV-07677
    IBRAHIM KEEGAN-HORNSBY,
13  DEMAREA JOHNSON,  BRANDON           **STIPULATED PROTECTIVE ORDER**
    JONES, STEPHANIE NAVARRO,
14  ROBERTO SERRANO, and               Judge:   Hon. Nathanael Cousins
    ALEXANDER WASHINGTON on behalf
15  of themselves and all others similarly
    situated,
16
                  Plaintiffs,
17
           v.
18
    COUNTY OF ALAMEDA; GREGORY J.
19  AHERN in his official capacity as Sheriff
    of the Alameda County Sheriff's Office;
20  CAROL BURTON in her official capacity
    as Interim Director of the Alameda County
21  Behavioral Health Care Services Agency;
    and DOES 1 to 20, inclusive,,
22
                  Defendants.
23

24

25

26

27

28

Case 5:18-cv-07677-NC   Document 30   Filed 05/29/19   Page 2 of 14

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, information protected from disclosure by the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. §§ 160, *et. seq.* ("HIPAA").

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in

STIPULATED PROTECTIVE ORDER

[3391435.1]

1  disclosures or responses to discovery in this matter.

2      2.6    Expert:  a person with specialized knowledge or experience in a matter

3  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

4  expert witness or as a consultant in this action.

5      2.7    House Counsel:  attorneys who are employees of a party to this action.

6  House Counsel does not include Outside Counsel of Record or any other outside counsel.

7      2.8    Non-Party:  any natural person, partnership, corporation, association, or

8  other legal entity not named as a Party to this action.

9      2.9    Outside Counsel of Record:  attorneys who are not employees of a party to

10  this action but are retained to represent or advise a party to this action and have appeared

11  in this action on behalf of that party or are affiliated with a law firm which has appeared on

12  behalf of that party.

13      2.10   Party:  any party to this action, including all of its officers, directors,

14  employees, consultants, retained experts, and Outside Counsel of Record (and their support

15  staffs).

16      2.11   Producing Party:  a Party or Non-Party that produces Disclosure or

17  Discovery Material in this action.

18      2.12   Professional Vendors:  persons or entities that provide litigation support

19  services (e.g., photocopying, videotaping, translating, preparing exhibits or

20  demonstrations, and organizing, storing, or retrieving data in any form or medium) and

21  their employees and subcontractors.

22      2.13   Protected Material:  any Disclosure or Discovery Material that is designated

23  as "CONFIDENTIAL."

24      2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material

25  from a Producing Party.

26  3.    SCOPE

27      The protections conferred by this Stipulation and Order cover not only Protected

28  Material (as defined above), but also (1) any information copied or extracted from

[3391435.1]

1   Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

2   Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel

3   that might reveal Protected Material. However, the protections conferred by this

4   Stipulation and Order do not cover the following information:  (a) any information that is

5   in the public domain at the time of disclosure to a Receiving Party or becomes part of the

6   public domain after its disclosure to a Receiving Party as a result of publication not

7   involving a violation of this Order, including becoming part of the public record through

8   trial or otherwise; and (b) any information known to the Receiving Party prior to the

9   disclosure or obtained by the Receiving Party after the disclosure from a source who

10   obtained the information lawfully and under no obligation of confidentiality to the

11   Designating Party. Any use of Protected Material at trial shall be governed by a separate

12   agreement or order.

13   4.      DURATION

14         Even after final disposition of this litigation, the confidentiality obligations imposed

15   by this Order shall remain in effect until a Designating Party agrees otherwise in writing or

16   a court order otherwise directs.  Final disposition shall be deemed to be the later of

17   (1) dismissal of all claims and defenses in this action, with or without prejudice; and

18   (2) final judgment herein after the completion and exhaustion of all appeals, rehearings,

19   remands, trials, or reviews of this action, including the time limits for filing any motions or

20   applications for extension of time pursuant to applicable law.

21   5.      DESIGNATING PROTECTED MATERIAL

22         5.1      Exercise of Restraint and Care in Designating Material for Protection. Each

23   Party or Non-Party that designates information or items for protection under this Order

24   must take care to limit any such designation to specific material that qualifies under the

25   appropriate standards. The Designating Party must designate for protection only those

26   parts of material, documents, items, or oral or written communications that qualify—so

27   that other portions of the material, documents, items, or communications for which

28   protection is not warranted are not swept unjustifiably within the ambit of this Order.

[3391435.1]

1    Mass, indiscriminate, or routinized designations are prohibited. Designations that

2  are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

3  to unnecessarily encumber or retard the case development process or to impose

4  unnecessary expenses and burdens on other parties) expose the Designating Party to

5  sanctions.

6    If it comes to a Designating Party's attention that information or items that it

7  designated for protection do not qualify for protection, that Designating Party must

8  promptly notify all other Parties that it is withdrawing the mistaken designation.

9    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

10  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

11  ordered, Disclosure or Discovery Material that qualifies for protection under this Order

12  must be clearly so designated before the material is disclosed or produced.

13    Designation in conformity with this Order requires:

14    (a)    for information in documentary form (e.g., paper or electronic

15  documents, but excluding transcripts of depositions or other pretrial or trial proceedings),

16  that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains

17  protected material. If only a portion or portions of the material on a page qualifies for

18  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

19  making appropriate markings in the margins).

20    A Party or Non-Party that makes original documents or materials available

21  for inspection need not designate them for protection until after the inspecting Party has

22  indicated which material it would like copied and produced. During the inspection and

23  before the designation, all of the material made available for inspection shall be deemed

24  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

25  copied and produced, the Producing Party must determine which documents, or portions

26  thereof, qualify for protection under this Order. Then, before producing the specified

27  documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

28  that contains Protected Material. If only a portion or portions of the material on a page

[3391435.1]

1  qualifies for protection, the Producing Party also must clearly identify the protected

2  portion(s) (e.g., by making appropriate markings in the margins).

3       (b)     for testimony given in deposition or in other pretrial or trial

4  proceedings, that the Designating Party identify on the record, before the close of the

5  deposition, hearing, or other proceeding, all protected testimony.

6       (c)     for information produced in some form other than documentary and

7  for any other tangible items, that the Producing Party affix in a prominent place on the

8  exterior of the container or containers in which the information or item is stored the legend

9  "CONFIDENTIAL." If only a portion or portions of the information or item warrant

10 protection, the Producing Party, to the extent practicable, shall identify the protected

11 portion(s).

12      5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

13 to designate qualified information or items does not, standing alone, waive the Designating

14 Party's right to secure protection under this Order for such material. Upon timely

15 correction of a designation, the Receiving Party must make reasonable efforts to assure

16 that the material is treated in accordance with the provisions of this Order.

17 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

18      6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation

19 of confidentiality at any time. Unless a prompt challenge to a Designating Party's

20 confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

21 unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

22 does not waive its right to challenge a confidentiality designation by electing not to mount

23 a challenge promptly after the original designation is disclosed.

24      6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution

25 process by providing written notice of each designation it is challenging and describing the

26 basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the

27 written notice must recite that the challenge to confidentiality is being made in accordance

28 with this specific paragraph of the Protective Order. The parties shall attempt to resolve

[3391435.1]

Case 5:18-cv-07677-NC   Document 230   Filed 05/05/21   Page 11 of 18

1  each challenge in good faith and must begin the process by conferring directly (in voice to

2  voice dialogue; other forms of communication are not sufficient) within 14 days of the date

3  of service of notice. In conferring, the Challenging Party must explain the basis for its

4  belief that the confidentiality designation was not proper and must give the Designating

5  Party an opportunity to review the designated material, to reconsider the circumstances,

6  and, if no change in designation is offered, to explain the basis for the chosen designation.

7  A Challenging Party may proceed to the next stage of the challenge process only if it has

8  engaged in this meet and confer process first or establishes that the Designating Party is

9  unwilling to participate in the meet and confer process in a timely manner.

10       6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court

11  intervention, the Designating Party shall file and serve a motion to retain confidentiality

12  under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

13  within 21 days of the initial notice of challenge or within 14 days of the parties agreeing

14  that the meet and confer process will not resolve their dispute, whichever is earlier. Each

15  such motion must be accompanied by a competent declaration affirming that the movant

16  has complied with the meet and confer requirements imposed in the preceding paragraph.

17  Failure by the Designating Party to make such a motion including the required declaration

18  within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality

19  designation for each challenged designation. In addition, the Challenging Party may file a

20  motion challenging a confidentiality designation at any time if there is good cause for

21  doing so, including a challenge to the designation of a deposition transcript or any portions

22  thereof. Any motion brought pursuant to this provision must be accompanied by a

23  competent declaration affirming that the movant has complied with the meet and confer

24  requirements imposed by the preceding paragraph.

25       The burden of persuasion in any such challenge proceeding shall be on the

26  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to

27  harass or impose unnecessary expenses and burdens on other parties) may expose the

28  Challenging Party to sanctions. Unless the Designating Party has waived the

Case No. 4:18-CV-07677

[3391435.1]

Case 5:18-cv-07677-NC   Document 230   Filed 05/05/21   Page 12 of 14

1  confidentiality designation by failing to file a motion to retain confidentiality as described

2  above, all parties shall continue to afford the material in question the level of protection to

3  which it is entitled under the Producing Party's designation until the court rules on the

4  challenge.

5  7.     ACCESS TO AND USE OF PROTECTED MATERIAL

6      7.1     Basic Principles. A Receiving Party may use Protected Material that is

7  disclosed or produced by another Party or by a Non-Party in connection with this case only

8  for prosecuting, defending, or attempting to settle this litigation. Such Protected Material

9  may be disclosed only to the categories of persons and under the conditions described in

10  this Order. When the litigation has been terminated, a Receiving Party must comply with

11  the provisions of section 13 below (FINAL DISPOSITION).

12      Protected Material must be stored and maintained by a Receiving Party at a location

13  and in a secure manner that ensures that access is limited to the persons authorized under

14  this Order.

15      7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

16  ordered by the court or permitted in writing by the Designating Party, a Receiving Party

17  may disclose any information or item designated "CONFIDENTIAL" only to:

18      (a)     the Receiving Party's Outside Counsel of Record in this action, as

19  well as employees of said Outside Counsel of Record to whom it is reasonably necessary

20  to disclose the information for this litigation and who have signed the "Acknowledgment

21  and Agreement to Be Bound" that is attached hereto as **Exhibit A**;

22      (b)     the officers, directors, and employees (including House Counsel) of

23  the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

24  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25      (c)     Experts (as defined in this Order) of the Receiving Party to whom

26  disclosure is reasonably necessary for this litigation and who have signed the

27  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28      (d)     the court and its personnel;

[3391435.1]

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the

[3391435.1]

Case 5:18-cv-07677-NC   Document 30   Filed 05/29/19   Page 13 of 14

1 subpoena or order issued, unless the Party has obtained the Designating Party's

2 permission. The Designating Party shall bear the burden and expense of seeking protection

3 in that court of its confidential material – and nothing in these provisions should be

4 construed as authorizing or encouraging a Receiving Party in this action to disobey a

5 lawful directive from another court.

6 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN
       THIS LITIGATION

7

8         (a)    The terms of this Order are applicable to information produced by a

9 Non-Party in this action and designated as "CONFIDENTIAL." Such information

10 produced by Non-Parties in connection with this litigation is protected by the remedies and

11 relief provided by this Order. Nothing in these provisions should be construed as

12 prohibiting a Non-Party from seeking additional protections.

13         (b)    In the event that a Party is required, by a valid discovery request, to

14 produce a Non-Party's confidential information in its possession, and the Party is subject

15 to an agreement with the Non-Party not to produce the Non-Party's confidential

16 information, then the Party shall:

17              (1)    promptly notify in writing the Requesting Party and the Non-

18 Party that some or all of the information requested is subject to a confidentiality agreement

19 with a Non-Party;

20              (2)    promptly provide the Non-Party with a copy of the Stipulated

21 Protective Order in this litigation, the relevant discovery request(s), and a reasonably

22 specific description of the information requested; and

23              (3)    make the information requested available for inspection by the

24 Non-Party.

25         (c)    If the Non-Party fails to object or seek a protective order from this

26 court within 14 days of receiving the notice and accompanying information, the Receiving

27 Party may produce the Non-Party's confidential information responsive to the discovery

28 request. If the Non-Party timely seeks a protective order, the Receiving Party shall not

STIPULATED PROTECTIVE ORDER

[3391435.1]

Case 5:18-cv-07677-NC   Document 30   Filed 05/29/19   Page 15 of 14

1  produce any information in its possession or control that is subject to the confidentiality

2  agreement with the Non-Party before a determination by the court.  Absent a court order to

3  the contrary, the Non-Party shall bear the burden and expense of seeking protection in this

4  court of its Protected Material.

5  10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

7  Protected Material to any person or in any circumstance not authorized under this

8  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

9  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

10 unauthorized copies of the Protected Material, (c) inform the person or persons to whom

11 unauthorized disclosures were made of all the terms of this Order, and (d) request such

12 person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

13 attached hereto as Exhibit A.

14 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
       PROTECTED MATERIAL

15

16       When a Producing Party gives notice to Receiving Parties that certain inadvertently

17 produced material is subject to a claim of privilege or other protection, the obligations of

18 the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

19 This provision is not intended to modify whatever procedure may be established in an e-

20 discovery order that provides for production without prior privilege review. Pursuant to

21 Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

22 effect of disclosure of a communication or information covered by the attorney-client

23 privilege or work product protection, the parties may incorporate their agreement in the

24 stipulated protective order submitted to the court.

25 12.   MISCELLANEOUS

26       12.1   Right to Further Relief. Nothing in this Order abridges the right of any

27 person to seek its modification by the court in the future.

28       12.2   Right to Assert Other Objections. By stipulating to the entry of this

[3391435.1]

Case 5:18-cv-07677-NC   Document 30   Filed 05/29/19   Page 12 of 14

1   Protective Order no Party waives any right it otherwise would have to object to disclosing

2   or producing any information or item on any ground not addressed in this Stipulated

3   Protective Order. Similarly, no Party waives any right to object on any ground to use in

4   evidence of any of the material covered by this Protective Order.

5           12.3    Filing Protected Material. Without written permission from the Designating

6   Party or a court order secured after appropriate notice to all interested persons, a Party may

7   not file in the public record in this action any Protected Material. A Party that seeks to file

8   under seal any Protected Material must comply with Civil Local Rule 79-5. Protected

9   Material may only be filed under seal pursuant to a court order authorizing the sealing of

10  the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order

11  will issue only upon a request establishing that the Protected Material at issue is privileged,

12  protectable as a trade secret, or otherwise entitled to protection under the law. If a

13  Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule

14  79-5(d) is denied by the court, then the Receiving Party may file the information in the

15  public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

16          12.4    Order to Disclose. The parties agree that this court order authorizes the

17  disclosure of documents containing information protected by HIPAA, which shall be

18  subject to this protective order.

19          13. FINAL DISPOSITION

20          Within 60 days after the final disposition of this action, as defined in paragraph 4,

21  each Receiving Party must return all Protected Material to the Producing Party or destroy

22  such material. As used in this subdivision, "all Protected Material" includes all copies,

23  abstracts, compilations, summaries, and any other format reproducing or capturing any of

24  the Protected Material.

25          **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

26

27

28

STIPULATED PROTECTIVE ORDER

[3391435.1]

DATED:  May 22, 2019                     Respectfully submitted,

                                         ROSEN BIEN GALVAN & GRUNFELD LLP

                                         By:  /s/ Ernest Galvan
                                              Ernest Galvan

                                         Attorneys for Plaintiffs


DATED:  May 22, 2019                     Respectfully submitted,
                                         BURKE, WILLIAMS & SORENSEN, LLP


                                         By:  /s/ Gregory B. Thomas
                                              Gregory B. Thomas. Esq.




DATED:  May 22, 2019                     Respectfully submitted,
                                         HANSON BRIDGETT LLP


                                         By:  /s/ Samantha D. Wolff
                                              Paul B. Mello, Esq.
                                              Samantha D. Wolff, Esq.
                                         Attorneys for Defendants



**PURSUANT TO STIPULATION; IT IS SO ORDERED**


DATED:  May _29_, 2019                   _____
                                         Nathanael Cousins
                                         United States Magistrate Judge

GRANTED
Judge Nathanael M. Cousins

Case 5:18-cv-07677-NC   Document 30   Filed 05/29/19   Page 14 of 14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____ in the case of ASHOK BABU, ROBERT BELL,

IBRAHIM KEEGAN-HORNSBY, DEMAREA JOHNSON,  BRANDON JONES, STEPHANIE

NAVARRO, ROBERTO SERRANO, AND ALEXANDER WASHINGTON on behalf of

themselves and all others similarly situated v. COUNTY OF ALAMEDA, et. al. Case No. 4:18-

CV-07677-NC. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

13

Case No. 4:18-CV-07677

STIPULATED PROTECTIVE ORDER

[3391435.1]