Keenan Wilkins
AN2387
CHCF
PO Box 213040
Stockton, CA 95213
Class Member, In Pro Per

FILED

DEC 17 2021

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ASHOK BABU, et al )
Plaintiffs ) No. 5:18-CV-0677
)
)
vs ) OBJECTIONS TO CONSENT DECREE
)
)
COUNTY OF ALAMEDA, et al )
Defendants )
)

I, Keenan Wilkins, hereby with first hand knowledge of the terrible conditions of confinement existing within Santa Rita County jail, presents this objection to the Consent Decree given preliminary approval by this court on 9-22-21.

Evidence demonstrates that this Consent Decree and the terms are being agreed to by counsel ( Rosen Bien Galvan & Grunfeld ) who do not have classmembers best interest in mind, but instead have as their priority the attorney fees that they can garner.

## I. BRIEF SUMMARY OF FACTS

a. I was held as a pre-trial detainee in Santa Rita and North County Jails for nearly six years ( March 2007 - January 2013).

b. A significant portion of this confinement was under the care of the jails mental health officials as I am a diagnosed Schizophrenic.

c. Soon after arriving to the county jail I was placed in the mental health program (Unit 9) where atrocious conditions existed such as :

- Locked in cells up to 72 hours straight
- No regular laundry exchange
- Expectation to use grooming utensils without disenfecting
- No outside recreation for extensive periods
- Vermin infestation
- Over 14 hours without meals regularly
- Verbal and physical abuse by jail officials
- ( Note : Just a few examples )

d. In addition to these atrocious conditions afflicted upon helpless mentally ill pretrial detainees, I was denied adequate psychotropic medications resulting in my being declared incompetent and committed to a State Hospital. I returned from the State Hospital with important notice that I must remain on the medication to be certified competant but on the first day of my return I was taken off the medication.

e.  I was then denied the needed medication by jail mental health officials for approximately 4 years (2008 - 2012).

f.  After a Competency trial resulted in a mistrial (hung jury - 10 believing incompetant & 2 believing competant), the proscution requested that jail mental health officials provide me the medications that the State hospital informed them 4 years before were important for me to remain on to be certified competant. They complied and we proceeded to trial.

( Note : The facts presented here can be found in Brown v Ahern et al Case No. C08-1084 MMC which resolved by settlement; See also Published 9th Cir Opinion Brown v Ahern, 676 F.3d 899 9th Cir 2012)

II.  REASONS FOR OBJECTIONS TO CONSENT DECREE

I am a class member because I anticipate soon being returned to Santa Rita in the near future for resentencing purusant to post conviction relief efforts and Penal Code 1170(d).

Notwithstanding my personal experiences with Rosen in failing to (1) Help in ANY way when I alerted them and the Prison Law Office about the terrible conditions of confieement plaguing mental health inmates at Santa/Rita/North County jails;
(2) Address the systemic problems plaguing CDCR mental health inmates and elaborate violations of existing Consent Decrees, Settlements and Agreements currently in place for CDCR.

I vigorously object to the proposed Consent decree primari;y due

to the representation by the firm acting on the behalf of inmates for the following reasons:

A.  The notice process is defective because NONE of the affected inmates currently in custody under the atrociuous conditions received any form of notice about this Consent Decree nor given notice that they can object  (Note : I only received notice because I contacted attorney Yolanda Haung about other matters). The  Settlement/Consent Decree does not provide for any formal notice to the classmembers currently in custody in Santa Rita nor to individuals who will be returning for 1170 et al resentencing. There is also no provision to provide notice to individuals on parole/probation who are subjected to reincarceration if parole and/or  probation is violated.  This lack of notice violates constitutional due process .

B.   Evidence shows that similar decrees and agreements made by this firm on inmates behalf have proven woeful and grossly non-beneficial to the inmate classmembers.   Indeed the terms and agreements look GREAT on paper, however this firm has demo-nstrated a track record of NOT being able to effect the terms and agreements they make with entities on inmates behalf.

Currently this law firm represents mentally ill inmates in Federal civil action Coleman v Newsom No. 2-90-cv-0520 KJM DB. The ENTIRE mental health program within CDCR is in shambles and

and perhaps even in a WORSE state than before. Recently, Rosen's monitoring of Defendant's actions ( at a very high attorney fee cost to tax payers) proved futile. Rosen/PLO attorneys set out to agree to end the court appointed receivership with facts that was based on fraudulent data and the receivership would have ended if not for the courageous actions of a whistleblower ( See " The Golding Report " Where Chief Psychiatrist Dr. Michael Golding exposed the elaborate scheme CDCR officials embarked on to present fraudulent numbers for the court to rely on to end the receivership---Coleman, Supra 2018 US Dist Lexis 193528 ).

This case and facts provides ample evidence that Rosen are ill-equipped to handle any monitoring for compliance, ESPECIALLY when coupled with the fact that I ( and other classmember inmates) wrote Rosen about similar fraudulent actions of prison/mental health officials FALSIFYING their amount of treatment time and Rosen did ABSOLUTELY NOTHING and STILL proceeded to end the receivership.

This objection stands on the fact that utilizing tax payer dollars to pay this firm the high cost for ineffective monitoring for the next five years ( See Consent Decree pages 70 - 71 ) , which as the Coleman case demonstrates, is a firm that does NOT listen to factual statements from their clients, nor fact check Defendant/Jail officials numbers and assertions for compliance--- would be a COMPLETE waste of tax payer dollars and allow county jail inmates to continue to endure the unconstitutional hardships.

III. CONCLUSION

It appears that Rosen intends with this Consent Decree to secure ANOTHER TAX PAYER FUNDED MONEY GRAB that provides fees for their firm for the next five years.

The problem is, evidence ( other inmate related Settlement, Decrees, and Agreements ) shows that Rosen is not the firm to entrust such a task on behalf of helpless inmates.    Rosen has FAILED to make the difference they alluded to for CDCR inmates in litigation and really has no ability to effect the terms in the present Consent Decree.

The monitoring by Rosen appears to soley consist of accepting the assertions of prison officials---without ANY vetting of it's accurracy (i.e. See the Golding Report).

Notably, monetary funds are AGAIN only carved out for Rosen but not a cent for allllllllllllllllllllllllllllllll of the many inmates who suffered the atrocious unconstitutional conditions for years.

I am hoping that the court will consider allowing a different counsel/firm act on inmates behalf to effect the terms of the at issue Consent Decree.    Evidence shows that Rosen is currently woefully failing to monitor/effect the CDCR agreements they made on inmates behalf.

12-13-21                    Respectfully Submitted,

                            [signature]
                            Classmember/Victim

## PROOF OF SERVICE BY MAIL
[CCP §§ 1013(a), 2015.5]

STATE OF CALIFORNIA, COUNTY OF San Joaquin

I am a citizen of the County of San Joaquin, State of California. I am a citizen of the United States of America. I am over the age of eighteen (18) and not a party to this action. I am a resident of the County of San Joaquin, CDCR# AN2387

My address is:

California Health Care Facility

P. O. Box:

Stockton, Ca 95213

On 12-14, 2021, I served via United States Mail a copy of the following document(s): OBJECTION TO CONSENT DECREE Babu v Co of Alameda et al NO 5:18-CV-0677

The above-noted legal document(s) was placed in a sealed envelope, with postage thereon fully prepaid, addressed to the person at the address indicated below pursuant to California Code of Civil Procedure Section 1013. I placed the envelope or package in a mailbox or other like facility addressed to:

1. Clerk, US Dist Ct
2. District Calif
280 S 1st Street
San Jose, CA 95113

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This document was executed on 12-14, 2021 in San Joaquin County, California.

Keenan Wilkins
Type or Print Name

Signature

California Health Care Facility
Keenan Wilkins
e: _____ CDCR # AN 2387
ity E  Bldg.: E2B  Cell: 144L
Box: 213040
kton, CA 95213

**INMATE MAIL**

CHCF
CA DEPARTMENT
OF CORRECTIONS
AND REHABILITATION



FIRST-CLASS MAIL
$000.73

ZIP 95215
041L12203723



Clerk, US District Court
Northern District of California
280 South 1ST Street
San Jose, CA 95113

9511333095 C060

C/O CASTRO     12-14-21