MARSHAREL SIMON
1025 - 75th Ave,
Oakland 94621

In Pro Per

FILED

DEC 29 2021

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASHOK BABU, ROBERT BELL, IBRAHIM KEEGAN-HORNSBY, DEMAREA JOHNSON, BRANDON JONES, STEPHANIE NAVARRO, ROBERTO SERRANO, and ALEXANDER WASHINGTON on behalf of themselves and all others similarly situated. | No. 5:18-cv-07677 NC<br><br>MARSHAREL SIMON'S OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AND CONSENT DECREE |
| Plaintiffs, | |
| vs. | |
| ALAMEDA COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

## DECLARATION OF MARSHAREL SIMON

I, **MARSHAREL SIMON**, declare as follows:

1. I am over the age of 18 and I make this declaration voluntarily and based on my own knowledge.

2.
   a. I am a resident of Alameda County.
   b. My loved one, ROBERT PAIGE, PFN BKB812, has been incarcerated PRE-TRIAL in Santa Rita Jail since approximately JANUARY 26, 2021.
   c. I am the loving partner of someone incarcerated at Santa Rita Jail, ROBERT PAIGE, PFN BKB81, and I am impacted by the settlement because of my concern over the care and conditions of my loved one inside of the jail and my constitutional right to familial association is being adversely impacted.

3. I write this declaration to object to the proposed settlement in *Babu v. County of Alameda*. If called to testify, I can and will testify as stated herein.

4.
   a. I became aware of the settlement because my loved one received a SFNLG questionnaire, and his name was on a list requesting the NLG to call loved ones to record our objections to the settlement. On December 4, 2021, at 3:05 PM, I received a call by a volunteer with the SF NLG, to complete a questionnaire and a declaration to give to the court. I did not hear about the settlement from anyone else or from the law firm RBGG about the *Babu v. County of Alameda* case regarding mental health care in Santa Rita Jail.
   b. On December 4th, the same day I learned about the *Babu v. County of Alameda* settlement, I also became aware of and received a copy of the proposed consent decree. Upon reviewing the proposed consent decree, I was deeply concerned by the lack of "improvements" that would be considered because they will not improve mental health at all, instead it will be more detrimental in the long run.
   c. It is questionable how RBGG comes to their conclusion about what is best to provide mental health in a jail setting without actually speaking with the individuals and their loved ones. Those that are directly impacted by whatever actions are taken using tax dollars to cage and suppress people understand how it is producing real harm to people's health and to public safety! Moving forward I hope that RBGG would reach out to the families of those incarcerated to atleast get their input around improving mental health because we know our loved ones best. We are the ones who truly care about the mental and physical health of our loved ones, not this corrupt system that they have got caught up in.

5.
   a. During my loved one's current incarceration at SRJ, he has been denied medical care. In May, he sprained his ankle very badly while playing ball in the yard at

1

   SRJ, and has put in more than one request for medical attention; as of the date of this declaration he has not been seen medically.
   b. I attempt to speak with my loved one every day and am able to do so most of the time. My loved one's mental health appears to be worsening because he is experiencing more lockdowns for other people's transgressions, and they are punished for what is completely out of their control. Robert has been placed on lockdown more than 4 times since he's been incarcerated. During those lockdowns which can last from 2-4 days he is forced to be in his cell with little to no communication. Lockdown is hard on him or anyone. He talks about being depressed, being away from his family this long, and not being able to speak to anyone for days at a time because they are on lockdown. He's also sharing a cell with other men so there is no privacy to talk to his loved ones about his feelings or the things that he is going through.
   c. Guards can be rude and racially biased: On November 7th 2021 a white man started a fight and all the black males were moved out of the pod, and it felt like a punishment to the black inmates because they were not responsible for starting the fight.

6.
   a. The consent decree does not guarantee any outdoor time and outdoor time is very important to my loved ones' mental health. In his new pod he does get the option to go outside every day, but inmates are only allowed 2 hours per day outside. This is a relatively short period of time in relation to sharing a cage for 23 hours a day with over 20 other men.
   b. What my loved one really needs is to not be in a cage as much as he and the other inmates are. This is not good for anyone's mental health, especially if you are already struggling from previous or ongoing trauma. It would be very helpful to provide programs and services such as a therapist to talk with, prepare them to return to the community ready for gainful employment! Instead of incarceration, a job program and opportunities for felons to be involved with positive work and community engagement is a much better use of public funds and human resources. Based on my understanding of the proposed settlement agreement, my loved one would still not get the type of mental health support they need. How is expanding MH treatment in the jail by hiring "**259 more deputies and 72 other ACSO staff**. In contrast, Alameda County Forensic Behavioral Health (AFBH), which will actually provide mental healthcare in the jail, only gets to hire **107 more staff.**
   c. It sometimes seems that the court and AFBH staffs' main form of "treatment" is to offer "You either take my plea bargain and/or my pills or you are not getting out of jail." It seems counterproductive and a waste of tax dollars to incarcerate people without due process, in very unhealthy conditions when you can actually provide services and support in the community that can assist them.
   d. Community services have been decimated. The consent decree doesn't mention anything about re entry into the community which is very upsetting because how are they supposed to better themselves with the lack of services provided for

2

      felons. At least half of the money listed in the settlement is better spent funding community services that provide housing, mental and physical health services, employment programs, etc. and more uplifting environments
  e. The lack of community services is the #1 reason why so many people are incarcerated is because they don't have access to such simple things. Jobs doesn't want to give them work because of their past background. So as a community we have to do better in helping our people.

7.
  a. I object to the proposed Settlement because the Settlement appears to do nothing or very little to address how SRJ is preventing me and our 3 children (7, 2 and 1 years old) from seeing and communicating with our loved one. It continues to be extremely hard to get in-person visits. Over the phone visits are very expensive and short, video visits are only 15 minutes long. It is this long-term lack of communication and ability to connect with my loved one that is affecting me and our children's short term and long-term mental health because we are used to being with their father every day. As a "party of interest" for joinder in the case before the court involving the settlement decree, I have a clearly established constitutional right that may be adversely affected by the resolution of the controversy for which is the subject matter of the case currently before the court. I am defending my rights under the First, Ninth and Fourteenth Amendments of the Constitution of the United States to familial association, which is accomplished in violations of the primary defendant's rights to due process and equal protection will result in violation of those same rights, which I and our children are entitled to.
  b. I object to the proposed Settlement because the Settlement did not provide advance notice by asking all Class Members currently incarcerated at SRJ if they want their loved ones to be notified of the ***Babu v. County of Alameda settlement***.
  c. I object to the proposed Settlement because the Settlement does not provide significant or substantial enough benefits to my loved one, or other prisoners.
  d. I object to the proposed Settlement because the settlement contains unclear, or undefined or poorly defined measures on what mental health care for my loved one or other prisoners should be nor how it should be provided to the majority of prisoners.
  e. I object to the proposed Settlement because it does not contain ways to help my loved one be more mentally stable, and able to be successful and not return to the jail.
  f. I object to the proposed Settlement because deputies are unable and should not be assisting in providing mental health care to my loved ones or other prisoners.
  g. I object to the proposed Settlement because the Settlement provides no consequences for the Jail or Sheriff, if they do not, or are unable to, provide genuine mental health care.

3

    h. I object to the proposed Settlement because the attorneys did not consult with my loved one, myself or other loved ones, and are not representing their or my interests.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 20th of December 2021 in Oakland, Ca

*Marsharel Simon*       12/20/2021

*Name*      *Date*