CAT BROOKS
cat@justiceteams.org
ANTI POLICE-TERROR PROJECT
AMBER NICOLE HILTON
aptp.mhfirst.oak@gmail.com
ANTI POLICE-TERROR PROJECT – MH1 OAKLAND

In Pro Per

FILED

JAN 03 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

RECEIVED
JAN 03 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ASHOK BABU, ROBERT BELL, IBRAHIM KEEGAN-HORNSBY, DEMAREA JOHNSON, BRANDON JONES, STEPHANIE NAVARRO, ROBERTO SERRANO, and ALEXANDER WASHINGTON on behalf of themselves and all others similarly situated.<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | No. 5:18-cv-07677 NC<br><br>ANTI POLICE-TERROR PROJECT'S OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AND CONSENT DECREE |



*Babu, et al., v. County of Alameda, et al.*
N.D. Cal. No. 5:18-cv-07677
Anti Police-Terror Project
December 27, 2021

### OBJECTION TO THE FAIRNESS OF THE SETTLEMENT IN BABU V. ALAMEDA

**WHO WE ARE:**

We are Mental Health First Oakland, a program of the Anti Police-Terror Project. In the absence of a just system of care for those struggling with mental illness, we have stepped up to create it. We run a cutting-edge new model for non-police response to mental health crises including but not limited to support for psychiatric emergencies, substance use, and domestic violence safety planning. We include both directly impacted community members living with mental illness, as well as a wide variety of mental health advocates and licensed professionals including doctors, therapists, nurses, social workers, public health workers and more. As a group, we have collective lived experience of mental illness, madness, and neuro-divergence, as well as vast professional and community experience in mental health care and support.

We believe mental health care cannot happen in jail. We advocate for reducing the number of people locked up at Santa Rita, but this does not mean diverting them to facilities like John George and Villa Fairmont. We want to defund the Sheriff's Office and break the pattern of confining people with mental illness in jails in Alameda County.

**SPECIFIC OBJECTION POINTS:**

**Custodial Care for Individuals Needing Psychiatric Treatment and Healing Should Not be In the Hands of the Alameda County Sheriff's Office**

As much as 25% of the population in Santa Rita have serious mental illnesses, and it's likely that many of those individuals have been ensnared by the criminal justice system due to

1

lack of access to proper mental health services within Alameda County. The settlement presumes Santa Rita and Alameda County Sheriffs can assume this responsibility: however, as evidenced by the investigation completed by the DOJ and the track record of harm, cruelty and loss of life of individuals while in custody, the Sheriffs clearly do not possess the required judgment to make proper assessments.

As health workers and those living with mental illness, we know that the criminalization of mental illness is antithetical to care, health and healing. The Consent Decree attempts to connect mental health care with incarceration, which are two fundamentally incompatible concepts. With incarceration, coercion, violence or the threat of force is the modus operandi, and with mental health, empathy, nuanced assessment and holistic, integrated provision of care is the goal. According to a recent report by the American Public Health Association[1], we don't need *better* mental health care within prisons, we need to build *actual* mental health care and provide basic human resources within the community. The report promotes moving away from incarceration and towards "prevention focused public health strategies" that address the root cause of incarceration such lack of access to food, housing, and health care as well as discriminatory criminal justice practices.

Yet, despite a large body of public health research, the Consent Decree as it stands aims to increase the funding, staffing, and infrastructure of Alameda County jail systems by hiring new sheriffs and expanding jail infrastructure. In a world where those with mental illness are 16x more likely to be killed by cops[2], we cannot afford to use this opportunity as a fundraiser for carceral expansion. Sheriffs are not equipped to improve the mental health conditions at Santa Rita because they are not mental health professionals.

**The Consent Decree Lacks Transparency, Specificity and Accountability**

The language of the Consent Decree lacks specificity, and its implementation lacks accountability to the people of Alameda County. Throughout the document the language is obtuse, and vague, and essential time frames and quantifications are left out. For example, the document states in determining a mental health care plan "AFBH shall *promptly* obtain copies of records from community-based care" but does not specify what "promptly" is defined as. This gives county mental health staff the power to possibly change medications without review of prior medical history, which is cited in the complaint as a harmful and recurring issue. The language of the consent decree does not reveal specific details about the changes to be implemented at Santa Rita and leaves room for subjective interpretation. For example, there are currently intake, safety cell and outside time standards in place, however, SRJ staff under Sheriff Ahern's watch are willfully inept in their disregard of these policies. This lack of

---

[1] https://www.endingpoliceviolence.com/
[2] https://www.treatmentadvocacycenter.org/storage/documents/overlooked-in-the-undercounted.pdf

specificity leaves incredible room for continued traumatization, harm and neglect of those with mental illness. Whatever "minimum adequate care" is it is unlikely to happen behind bars.

All the gray areas are left to be decided by a group of five "Joint Experts," who are not trusted voices for Alameda County residents' best interests. For example, Michael Brady and Rick Wells, a former correctional officer, who both have long careers within the criminal justice system and work for Sabot Consulting[3], a consulting agency that focuses on compliance, and efficiency of carceral institutions rather than on mental health care. The Joint Experts do not appear to be committed to mental health and do not reflect the values of the people of Alameda County.

### ACSO, SRJ & Sheriff Ahern are Ill-Equipped to Handle More Responsibilities

The authorities have proven that they cannot deal with the tasks at hand. Why would one believe they can handle more responsibilities? The current policy regarding the "safety cells", requires that mental health staff evaluate an individual placed in the cell 8 hours after treatment and every 24 hours after. However even this policy is not followed, and individuals may go more than 30 hours without any contact or evaluation by mental health staff.

In response to Christian Magridal's death while in custody the "jail improved training and increased oversight" When questioned about why Madrigal had not been evaluated when he arrived, Ahern's response was that he didn't know and perhaps no one was available. This response reveals Sheriff Ahern is incapable of carrying out current demands, and there is little evidence to show he would be capable of doing more.

If the current policies are flouted to the detriment of incarcerated individuals, resulting in decompensation, harm and death; what faith do we have that ACSO could properly implement these proposed changes? Their systemic oversights have resulted in grievous harm, injury, torturous conditions and death. With the highest in custody death rate in the country; it is clear ACSO, SRJ and Sheriff Ahern should not be given any more funds nor responsibilities.

### The Settlement Class Includes All Alameda County Residents, Yet Deprives Them of any Input

The settlement defines the "Class" as "all adults who are now or in the future will be incarcerated in the Alameda County Jail". Because the settlement includes each citizen of Alameda County, how is it fair to impose this class action ruling on everyone in the county, without more notice? As it stands now the settlement leaves citizens without a voice to express their concerns, with implications as far reaching and expansive as such included in the settlement it is grossly negligent and reprehensible to overlook the input of the citizens of Alameda County.

---

[3] https://sabotconsulting.com/company/sabot-criminal-justice-team/

3

**PROPOSED ALTERNATIVES:**

### Remove Sheriffs from Mental Health Care
- Expand the pre-existing Alameda County's Forensic, Diversion and Re-Entry Service. Work together with the court system & community-based programs to divert those struggling with mental illness, substance abuse, unhoused status etc., from incarceration and towards holistic care that includes permanent, supportive housing, psychiatric and healthcare.

### Transparency and Community Accountability
- Engage with citizens of Alameda County to inform them of the implications of this settlement and the outcomes of the provisions outlined within.
- Rather than relying on "Joint Experts" from outside the community selected by the Defendants and Council; establish a transparent and independent oversight committee of community members, people with lived experience, and mental health professionals with experience serving Alameda County to appoint the Joint Experts.

### Formulation of an Alternatives to Incarceration Workgroup & Fund Research on the Effects of Incarceration on Mental Health
- A community-led workgroup to expand and innovate systems of comprehensive care that are accessible to individuals before they are involved with the criminal justice system.
- The field of psychology relies on evidence-based practices to inform guidelines for treatment, medication and behavioral interventions. Is there evidence that the environment of incarceration provides any benefit to the affected individuals and communities? To investigate these questions, we propose investment in research on the outcomes and effects of incarceration on mental health, specifically within the population at Santa Rita.

### Expand access, availability and diversity of mental health services
- We demand that all mental health funding that Ahern receives be redirected to community-based programs like MH First and for the construction of appropriate facilities such as peer run mental health services with leadership and mentorship from people with lived experiences with mental illnesses, neurodivergence and/or madness. Doing this interrupts the ineffective cycle of incarceration, addresses "crime", as people will be properly cared for, and contributes to the overall Health of the community.
- As it stands, many outpatient programs are only available to people who have been swept up into the criminal justice system, present to the ED on a 5150 in crisis, or spend weeks to months on a waiting list. Services like therapy, support

4

groups and medication management need to be available on demand in order to prevent mental health crises that often lead to detainment and institutionalization.

     As much as 25% of individuals in Santa Rita have severe mental health conditions that are exacerbated by the harmful conditions of incarceration. It is also likely that many individuals who enter the jail without diagnosed mental health conditions develop them over the course of incarceration or have never had access to adequate mental health care in their lifetimes. This pattern is indicative of a glaring lack of support of individuals prior to incarceration.

     Placing their care in the hands of the ACSO is essentially applying punitive measures to citizens who were failed by the county. The proposed settlement does nothing to account for the damage caused by ACSO and adds insult to injury by giving Sheriffs more power over the lives of the individuals they have harmed.

     The Consent Decree does not address the main concern of the complaint which is Alameda County's systemic reliance on incarceration in place of adequate mental health care. Therefore, rather than a redistribution of resources to Santa Rita & Alameda County Sheriff's Office, we need a robust restructuring of mental health services in the county. Specifically, more funding toward diversion, prevention, community & peer-based programs. And not further funding Santa Rita or mental health jails like John George.

     Going forward, we must divorce mental health care from incarceration. As a community we must devise strategies to meet basic human needs such as access to quality food, housing, medical care and we must invest in building impactful mental health resources.


Cat Brooks
Amber Nicole Hilton
On behalf of Anti Police-Terror Project, MH First

5



98 LAPP ST.
SAN FRANCISCO, CA
94110

95113-300837

CLERK OF THE COURT
US DISTRICT COURT SAN JOSE DIV.
NORTHERN DISTRICT OF CALIFORNIA
280 S. 1st ST. ROOM 2112
SAN JOSE, CA 95113