**FILED**

**NOT FOR PUBLICATION**

OCT 6 2023

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHOK BABU; et al., | No. 22-15275 |
| Plaintiffs-Appellees, | D.C. No. 5:18-cv-07677-NC |
| v. | MEMORANDUM* |
| KEENAN G. WILKINS, AKA Nerrah Brown, | |
| Objector-Appellant, | |
| v. | |
| GREGORY J. AHERN, Sheriff; et al., | |
| Defendants-Appellees, | |
| and | |
| ANDRE GRIFFIN; et al., | |
| Defendants. | |

---

    *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| ASHOK BABU; et al., | No.   22-15355 |
| Plaintiffs-Appellees, | D.C. No. 5:18-cv-07677-NC |
| v. | |
| TYLER ABBOTT; et al., | |
| Objectors-Appellants, | |
| v. | |
| GREGORY J. AHERN, Sheriff; et al., | |
| Defendants-Appellees, | |
| and | |
| ANDRE GRIFFIN; et al., | |
| Defendants. | |

| | |
|---|---|
| ASHOK BABU; et al., | No.   22-15363 |
| Plaintiffs-Appellees, | D.C. No. 5:18-cv-07677-NC |
| v. | |
| AMERICAN FRIENDS SERVICE COMMITTEE; et al., | |
| Objectors-Appellants, | |

v.

GREGORY J. AHERN, Sheriff; et al.,

      Defendants-Appellees,

and

ANDRE GRIFFIN; et al.,

      Defendants.

---

ASHOK BABU; et al.,

      Plaintiffs-Appellees,

v.

REGINALD ROBERTSON,

      Objector-Appellant,

v.

GREGORY J. AHERN, Sheriff; et al.,

      Defendants-Appellees,

and

ANDRE GRIFFIN; et al.,

      Defendants.

No.   22-15579

D.C. No. 5:18-cv-07677-NC

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted September 15, 2023
San Francisco, California

Before: BOGGS,[**] S.R. THOMAS, and FORREST, Circuit Judges.
Partial Dissent by Judge FORREST.

In these consolidated appeals, objectors appeal the district court's approval of a settlement agreement in a federal class action suit seeking injunctive relief on behalf of individuals incarcerated in Alameda County's Santa Rita Jail and a subclass of incarcerated individuals with psychiatric disabilities. We have jurisdiction pursuant to 28 U.S.C. § 1291. The magistrate judge had jurisdiction based on the consent of the named parties. 28 U.S.C. § 636(c)(1); *Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1076 (9th Cir. 2017).

We review de novo the district court's determination of adequacy of notice. *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1043 (9th Cir. 2019). We review for abuse of discretion the district court's decision to approve a proposed class action settlement. *Briseño v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021).

We affirm.[1] Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

1.  The named Plaintiffs sufficiently alleged standing in their complaint. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022) (en banc), *cert. denied sub nom. StarKist Co. v. Olean Wholesale Grocery Coop.*, 143 S. Ct. 424 (2022).

The non-party organizations and non-party Wilkins lack standing to appeal. "A nonparty has standing to appeal a district court's decision 'only in exceptional circumstances'"—that is, "only when '(1) the appellant, though not a party, participated in the district court proceedings, and (2) the equities of the case weigh in favor of hearing the appeal.'" *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002) (quoting *Bank of Am. v. M/V Exec.*, 797 F.2d 772, 774 (9th Cir. 1984). Although the organizations and Wilkins participated in the district court proceedings, they are not current class members, have not been brought into the proceeding, and would not be bound by the judgment. *See Hilao v. Estate of Marcos*, 393 F.3d 987, 992 (9th Cir. 2004). Although Wilkins may be incarcerated

---

[1] We grant plaintiffs-appellees' motion for judicial notice (Dkt. 60) and objector-appellant Wilkins's motion for judicial notice (Dkt. 78).

at Santa Rita Jail in the future, his future class membership is speculative at this point.[2]

2. Notice to the class was adequate under Federal Rule of Civil Procedure 23(e) and due process. In a Rule 23(b)(2) action for injunctive relief, "there is no requirement for individualized notice beyond that required by due process." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). Due process requires notice "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1351 (9th Cir. 1980) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Here, notice was disseminated in all intake and housing units of the jails, in the jails' hospitals and mental health facilities, on class counsel's website, on tablets used by class members, and on the television-notification system inside the jail. That is sufficient under *Mullane*. Moreover, members of the community who may join the class in the future were not entitled to notice at the time of the settlement. *See A. B. v. Haw. State Dept. of Educ.*, 30

---

[2] Because the organizations and Wilkins lack standing, we need not and do not address any arguments on appeal that only they raise.

F.4th 828, 838 (9th Cir. 2022) (noting that "[w]hen future persons referenced become members of the class, their claims will necessarily be ripe").

      3.    In order to survive appellate review of a class action settlement, the district court must show that it has explored comprehensively all [Rule 23(e)(2)] factors, and must give a reasoned response to all non-frivolous objections." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 782 (9th Cir. 2022). Here, the district court did not specifically list and analyze the agreement under the enhanced requirements of *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011). However, we "will rarely overturn an approval of a compromised settlement unless the terms of the agreement contain convincing indications that . . . self-interest rather than the class's interest in fact influenced the outcome of the negotiations." *Briseño*, 998 F.3d at 1022 (citation and internal quotation marks omitted). In this case, the district court made the finding, after examination of the record, that "the Consent Decree was reached after intensive and prolonged arm's length negotiations by capable counsel, with input from the United States Department of Justice and under the supervision of Magistrate Judge Laurel Beeler, and was not a product of fraud, overreaching, or collusion among the parties." Although it would have been preferable if the district court had conducted its analysis by specifically referencing the *Bluetooth* factors, it

sufficiently complied with the *Bluetooth* requirements for us to conclude the court did not commit reversible error. We note that, aside from the clear sailing agreement, there is no evidence of collusion in the extensive record of this case. Thus, there were no "convincing indications that . . . self-interest rather than the class's interest in fact influenced the outcome of the negotiations." *Briseño*, 998 F.3d at 1022.

In this case, "the evidence is insufficient to prove that the class would have gotten meaningfully more injunctive or declaratory relief if [the County] had merely been permitted to oppose class counsel's fee application, which [the County] already knew would be requesting substantially less than what class counsel represented would fully compensate them." *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1127 (9th Cir. 2020); *see In re Volkswagon "Clean Diesel" Mktg., Sales Practice, & Prods. Liab. Litig.*, 895 F.3d 597, 613 (9th Cir. 2018) (noting that this Court "would be reluctant in the extreme, on the procedural ground raised,

to upset a settlement—especially one of such overall benefit to the class—that otherwise evinced no signs of collusion, unfairness, or irregularity").[3]

    4.     The district court did not otherwise err in finding that the proposed settlement was "fair, reasonable, and adequate" under Fed. R. Civ. P. 23(e)(2).

        a.     The district court determined adequacy of the class representatives when it certified the class, and the record indicates no reversible error in that determination at the time of the final approval. The district court properly determined that class counsel provided adequate representation on the basis of extensive discovery and settlement negotiations.

        b.     The district court did not abuse its discretion in determining that the settlement provided adequate relief for the class. Regarding the overall adequacy of the relief to the class, objectors have not challenged the district court's finding that the benefits were substantial, including a new classification system to determine custody levels, reconfiguration of the outdoor spaces to maximize out-of-cell time, a requirement that individuals

---

[3] The district court also did not commit reversible error when it failed to expressly discuss the four factors enumerated in Fed. R. Civ. P. 23(e)(2). *See Kim v. Allison*, 8 F.4th 1170, 1179 (9th Cir. 2021) (describing the requirements as "consideration of the[] eight [circuit] factors" plus "applying the heightened scrutiny set forth in *Bluetooth*").

receive adequate mental healthcare, and an increased requirement for minimum out-of-cell time.  Moreover, the preclusive effects of the settlement do not outweigh its benefits because the decree does not preclude any suits for money damages or future litigation based on future conduct or for injunctive relief not covered by the consent decree.  *Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996).  Nor did the district court err in weighing the involvement of the United States Department of Justice in favor of settlement.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

    c.    The district court did not abuse its discretion when it determined that the relief was equitable between class members.  Many of the consent decree's provisions address jail policies regarding mental health and mental illness because those subjects form the basis of the lawsuit, and it is entirely reasonable that some members of the disability subclass may stand to benefit the most from those policy changes.  *See* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment ("Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims.").  And objectors have not demonstrated reversible error in the district court's determination that the consent decree also provides substantial benefits to all class

members, including increased minimum out-of-cell times that greatly exceed applicable regulations and aspects of the comprehensive overhaul of mental healthcare in the jail.  Cal. Code Regs. tit. 15, § 1065.

5.   The district court did not abuse its discretion in responding to the objections.  "To survive appellate review, the district court must . . . give a reasoned response to all non-frivolous objections." *In re Apple Inc. Device Performance Litig.*, 50 F.4th at 782 (citation omitted).  Here, the district court provided reasoned responses to the non-frivolous objections by grouping the numerous objections into categories and responding to each category.  Although the responses were occasionally brief, and at a high level of generality, the district court provided its reasoning and did not dismiss the objections out-of-hand.  Any failure on the part of the district court to respond to a specific point raised by an objection does not constitute reversible error based on the district court's generally adequate and reasoned responses to the objections.  *See Volkswagon*, 894 F.3d at 613 ("[A] reviewing court is concerned with the overall adequacy of the district court's fairness determination, not with parliamentary points of order about its process.").

**AFFIRMED.**

FILED

OCT 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Babu; et al. v. Ahern; et al.*, No. 22-15275
Forrest, J., dissenting in part:

I agree with the majority except on one point: the district court erred by not conducting the analysis set out in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011), in assessing the substantive fairness of the parties' class settlement agreement.

Federal Rule of Civil Procedure 23(e)(2) requires district courts to analyze whether a class action settlement agreement is "fair, reasonable, and adequate" before approving such settlement. Originally, Rule 23 did not flesh out how this analysis should be done, *see Briseño v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021), and we identified several factors that district courts must consider in *Hanlon v. Chrysler Corp.*, including, among other things, "the strength of the plaintiffs' case," the risks of proceeding with litigation, the stage of the proceedings, and the amount of and plaintiffs' reaction to the settlement offer, 150 F.3d 1011, 1026 (9th Cir. 1998). We did not identify consideration of attorney's fees as a factor in *Hanlon. See Briseño*, 998 F.3d at 1023.

A few years later, in *Bluetooth*, we addressed the "inherent risk . . . that class counsel may collude with the defendants," and we held that when a settlement is reached before class certification, it must "withstand an even higher level of scrutiny." 654 F.3d at 946. In addition to the *Hanlon* factors, we required district courts assessing pre-certification settlements to analyze whether the following

1

warning signs of collusion were present: (1) class counsel receiving disproportionate benefit from the settlement relative to the class, (2) a clear sailing agreement that "provid[es] for the payment of attorneys' fees separate and apart from class funds," and (3) agreements that unawarded fees "revert to [the] defendants rather than be added to the class fund." *Id.* at 947; *see also Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1125 (9th Cir. 2020) (recognizing that the *Bluetooth* warning signs "were a necessary addition to the *Hanlon* factors").

In 2018, Rule 23(e) was amended, and it now lists four factors that district courts must consider in assessing the substantive fairness of class settlements. *Briseño*, 998 F.3d at 1023. The Rule 23(e) factors supplement, rather than displace, the *Hanlon* factors. *See* Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment. Of particular relevance here, Rule 23(e)(2)(C)(iii) requires district courts to consider "the terms of any proposed award of attorney's fees, including timing of payment." Given the amendment to Rule 23(e), we recently expanded *Bluetooth* and now require district courts to consider the warning signs of collusion between class counsel and defendants when reviewing *all* class settlements. *See Briseño*, 998 F.3d at 1023. We instructed: "courts must apply *Bluetooth*'s heightened scrutiny to post-class certification settlements in assessing whether the division of funds between the class members and their counsel is fair and 'adequate.'" *Id.* at 1025.

Moreover, we have explained that "we hold district courts to a higher *procedural* standard" when they are assessing the substantive fairness of a class settlement. *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 782 (9th Cir. 2022) (quoting *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 606 (9th Cir. 2021)). District courts must show they have "*explored comprehensively all Rule 23(e)(2) factors.*" *Id.* (emphasis added). We review a district court's approval of a class action settlement for an abuse of discretion. *Briseño*, 998 F.3d at 1022. Applying the "incorrect legal standard alone constitutes an abuse of discretion." *In re Apple*, 50 F.4th at 783 (quoting *Saucillo v. Peck*, 25 F.4th 1118, 1131 n.9 (9th Cir. 2022)).

Here, the district court analyzed the substantive fairness of the proposed class settlement under the *Hanlon* factors; it did not, however, conduct a *Bluetooth* analysis. Indeed, it is unclear that the district court was even aware of *Bluetooth* and its relevance to this case. The district court did not cite *Bluetooth*. And it did not discuss or reference *Bluetooth*'s warning signs. This is particularly telling because the parties here had a clear sailing agreement that the district court did not reference, even though that is one of the *Bluetooth* warning signs that we require district courts to consider. *See Briseño*, 998 F.3d at 1026.

As the majority points out, the district court did mention collusion when it found that the settlement "was not a product of fraud, overreaching, or collusion among the parties." But this statement is not an indication that the district court was

3

aware of or applied *Bluetooth* because it is a near perfect quote from *Hanlon*. *See Hanlon*, 150 F.3d at 1027 (explaining courts only intrude upon parties' private settlement agreements as necessary to "reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties").

Where we have held that the *Bluetooth* analysis is a necessary part of assessing the adequacy of a class settlement under Federal Rule of Civil Procedure 23(e)(2)(C) and that the district court "must show it has explored comprehensively all Rule 23(e)(2) factors," I conclude that the district court erred by failing to apply *Bluetooth*. And because failure to apply the correct legal standard is itself an abuse of discretion that "is not subject to review for harmlessness," *In re Apple*, 50 F.4th at 783, I would vacate and remand with instructions for the district court to properly analyze the parties' settlement agreement in light of all the relevant factors, including those identified in *Bluetooth*. For this reason, I respectfully dissent in part.