R. Robertson APM873
5325 Broder Blvd.
Dublin, CA 94568-3309
(775) 335-7773 (message)
Objector / Sub-Classmember_____ In Pro Per
Email: gsanders@destination-freedom.org

FILED
MAR 04 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

[Select one location: San Francisco / Oakland / San Jose / Eureka]

ASHOK BABU, et al.,

                    Plaintiff(s),

        vs.

GREGORY AHERN, et al.,

                    Defendant(s).

Case Number: 18-cv-07677 NC

CLASSMEMBER, R. ROBERTSON'S NOTICE OF MOTION AND MOTION TO ENFORCE JUDGEMENT FOR SPECIFIC ACT-FRCP, RULE 70

Hon. - Nathanael M. Cousins, Magistrate
Courtroom #5 - 4th Floor
Time - 9:00 am
Date - Thursday, March 14th, 2024

    To: Defendants, County of Alameda, Sheriff-Yesenia Sanchez, and/or their representatives, PLEASE TAKE NOTICE that on Thursday, March 14th, 2024, or as soon thereafter as may be heard in the courtroom of the Honorable-Nathanael M. Cousins (280 South 1st Street, San Jose, CA 95113), Objector/Classmember, R. Robertson in pro per, shall move the Court to Enforce Judgement for a Specific Act-Fed. R. Civ. P., Rule 70.                                (continued, page 2)

TITLE OF DOCUMENT: "MOTION TO ENFORE JUDGEMENT, FRCP, RULE 70"
CASE NO.: 18-cv-07677 NC
PAGE NO. 1 OF 7

1  ...The motion shall be based on the Court's equitable and statutory power
2  to enforce its order implementing the Consent Decree - Dkt. #436 - currently in
3  place for this Class Action suit. Additionally, the Court has retained juris-
4  diction to enforce the terms of the Consent Decree until it's expiration date -
5  at the earliest, year 2027.

## STANDING

1. Objector/Classmember, R. Robertson is a pretrial-detainee presently confined at Santa Rita Jail - Dublin, CA (here-in, "SRJ"). The jail is owned and operated by Defendant, County of Alameda - staffed by its employees. The majority of which are deputy-sheriffs and subordinates of Defendant, Sheriff - Yesenia Sanchez. Appearing pro se for approximately two years prior to this motion, Robertson has authored numerous documents in this proceeding. Most prevelant has been appeal of the Consent Decree - Dkt. #457 (see also: Robertson v. Ahern, et. al., Case No. 22-15579, 9th Cir., Ct. of App. (2021), denied Sept. 2023, main Case No. 15275).

2. Objector/Classmember, R. Robertson belongs to the sub-class of inmates with mental-health disabilities. As the sole pro se, objector, appellant, confined to SRJ - Robertson's status may appropriately be referred to as a sub-class of one - as to this motion and issues it contains - Fed. R. Civ. P., Rules 23(c)(4) and (5).

## DENIAL OF EQUAL ACCESS TO PROGRAMS/SERVICES BY SRJ STAFF

(continued, page 3)

3. This proceeding was initiated in Dec. 2018 and alleged, "...Defendants discriminate against individuals with psychiatric disabilities by denying them equal access to programs, services and/or activities offered at the Jail... in violation of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and California Government Code, Section 11135..." (Consen Decree, at 1; Dkt. # 266-1, at pg. 9).

4. April, 2023 - Robertson and several additional inmates with mental health diagnoses were lodged in Housing Unit #23, SRJ. At that time Robertson attempted to become an inmate worker - a program of Defendant, County of Alameda and its subordinates at SRJ. Robertson and all inmates with disabilities (mental-health), were continually denied access to this program. Non-disabled inmates at this location and similarly situated, were granted access to this program, which evidences discrimination and continued this custom at SRJ (see: Dkt. # 511 "Declaration of Classmember, R. Robertson in Support of Appeal of the Consent Decree...", as attached, "Exhibit #1").

5. August, 2023 - Robertson has only been allowed to attend the Sandy Turner educational component of SRJ, for a four-week period. During this period, four inmates with mental-health disabilities - including Robertson - attending and successfully completed two classes without any incidents ("CPR/First Aid" and "Construction Safety", see as attached, "Exhibit #2"). These facts evidence Robertson is qualified to access SRJ programs.   (continued, page 4)

TITLE OF DOCUMENT: "MOTION TO ENFORCE - FRCP, RULE 70"  CASE NO.: 18-cv-07677NC
PAGE NO. 3 OF 7   [JDC TEMPLATE]

6. August, 2023, Robertson and several additional inmates were relocated to Housing Unit #21/West/SRJ. All inmate worker positions were vacant (six vacancies), at this location. Although he had recently completed classes, no disciplinary or otherwise adverse "write-up" (reports), and holds the security level "Medium-custody inmate/pretrial-detainee" - Robertson was denied access to an inmate worker position. Approximately six inmates with mental-health impairments were hired for less than a three-week period. All were dismissed as workers, while non-disabled inmates were brought from a different location, on a daily basis to assist deputies with minimum tasks. Approximately five-months has elapsed and zero inmates with mental-health impairments have been hired as workers. Although Robertson and additional sub-classmembers were relocated to Housing Unit #6/West/SRJ and their are six-vacancies, SRJ staff of the Classification Unit refuse to hire them. Similarly situated, non-disabled inmates housed in the East portion of Housing Unit #6 are the only inmates, hired as workers. Continuing a long-standing pattern/practice of discrimination - by Defendants' employees (see: as attached, "Inmate Grievance #23-2186", Alameda County Sheriff's Office - here in, "ACSO" - Deputy, K. Gregoire #2251, "Supplemental Information", Exhibit #3). In Defendants' Response to this grievance, deputies are given "blanket" authority to deny worker positions, "... for <u>any</u> reason by <u>any</u> deputy" (as attached to Exhibit #3), emphasis added.
(continued, page 5)

TITLE OF DOCUMENT: "MOTION TO ENFORCE, FRCP, RULE 70" CASE NO.: 18-CV-07677NC

PAGE NO. 4 OF 7

DISCONTINUED ACCESS TO "BIG YARD", NO DAILY/WEEKLY QUASI-YARD

7. December, 2023 Sub-Classmembers were relocated from Housing Unit #21/West to Housing Unit #6/West/SRJ. Since the relocation sub-classmembers in pods E and F have had zero access to big or quasi ("small-yard") yards, no access to G.E.D. or English as a Second Language classes; No sub-classmembers from D, E, or F pods hired as workers or allowed to attend Sandy Turner educational compenents/classes. Non-disabled inmates enjoy quasi-yard and other privileges - daily.

"WOBBLER" WORKER POSITIONS VACANT

8. On prior experience, SRJ staff of the Classification Unit may hire inmate workers, which work - exclusively - in the pods he/she is assigned to, these workers are commonly referred to as "wobblers." Duties such as cleaning showers, floors, windows, tables, or vacuuming should be performed - optimally, twice/daily. Wobblers, when hired, coordinate with inmate workers, deputies, technicians to assist and/or primarily perform these tasks. However, due to - percieved and evidenced - practices which discriminate against inmates with mental-health diagnoses, jail staff routinely leave these positions vacant. On personal knowledge, County of Alameda defers to Sheriff-Sanchez, to implement official policies. While Sheriff-Sanchez defers to SRJ staff to put official policies into practice - in theory. In actuality and on personal knowledge, the custom has been the continued practice of discrimination and denial of equal access to programs/services.   (continued, page 6)

TITLE OF DOCUMENT: MOTION TO ENFORCE, FRCP, RULE 70   CASE NO.: 18-CV-07677 NC
PAGE NO. 5 OF 7   [JDC TEMPLATE]

CONCLUSION

9. Sub-Classmembers should have equal access to Defendants' programs/services and/or activities offered at SRJ. According to the Joint Experts, Class Counsel, Defendants, their employees, representatives, that's either currently happening or "trending" towards actual compliance. Sub-Classmembers know the opposite is occurring. They are witnesses to the fact: ① no access to big or quasi yard is provided - daily, weekly, or monthly; ② SRJ has over thirty-classes available to non-disabled inmates, Sub-Classmembers have access to - at best - three (less than 10%); ③ SRJ staff and non-disabled inmates at our location clean the common areas of the East portion of Unit #6 - daily, while the West portion - which houses Sub-Classmembers is cleaned at the discretion of the non-disabled/inmate workers - intermittently; ④ Defendants' employees of the ACSO Classification Unit refuse to hire any Sub-Classmembers as workers, or wobblers to perform tasks within their respective pods.
Robertson - in filing this motion - seeks an order by the Court, granting Sub-Classmembers the rights provided under federal law, as well as this Court's Order - Dkt. #436.

10. Specifically, it is requested this Court would issue an Order, compelling Defendants, County of Alameda, Sheriff-Sanchez, their employees - ACSO Sheriff's Deputies staffing SRJ - to: ① Hire and maintain - minimally - two Sub-Classmembers with mental-health diagnoses as inmate workers...                (continued, page 7)

TITLE OF DOCUMENT: "MOTION TO ENFORCE, FRCP, RULE 70"  CASE NO.: 18-CV-07677 NC

PAGE NO. 6 OF 7     [JDC TEMPLATE]


1  ... and/or as wobblers; ② provide Sub-Classmembers which may
2  qualify- access to Sandy Turner Educational Component; afford those
3  with security level minimum/medium, access to big-yard (a grassy
4  area with exercise equipment, volley ball net, ect.); ③ afford all
5  other Sub-Classmembers weekly access to the quasi-yard (concrete
6  enclosed half-court area); allow equal access to programs/
7  services and/or activities as similarly situated non-disabled
8  inmates confined to Housing Unit #6/East; ④ provide for
9  Sub-Classmembers showers, floors, tables, windows to be cleaned-
10 daily. These requests fall within the parameters of the terms
11 of the Consent Decree, implemented in its order - Dkt. #436-
12 by the Hon. Nathanael Cousins - Fed. R. Civ. P., Rule 70; Consent
13 Decree (III)(J.)(8) and (III)(X.).

15 Pursuant to 28 U.S.C., Section 1746, I declare under penalty of
16 perjury that - to the best of my knowledge - the foregoing is true and
17 correct. Executed this 29th day of February, 2024, at Dublin,
18 California.

21 Respectfully Submitted,

23 R. Robertson - in pro per          Babu, et al., v. Ahern, et al., Case
24                                     No. 18-cv-07677 NC - N.D. Ct. of
25 R. Robertson - APM873               CA - San Jose Division
26 5325 Broder Blvd.
27 Dublin, CA  94568-3309              cc: Counsels for the Parties,
28                                          Civil L.R., Rule 5-1(h)

TITLE OF DOCUMENT: "MOTION TO ENFORCE JUDGEMENT, FRCP, RULE 70"
CASE NO.: 18-CV-07677 NC
PAGE NO. 7 OF 7