HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
swolff@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Temitayo O. Peters (SBN 309913)
E-mail: tpeters@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612-3501
Tel:  510.273.8780  Fax:  510.839.9104

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASHOK BABU, ROBERT BELL, IBRAHIM KEEGAN-HORNSBY, DEMAREA JOHNSON, BRANDON JONES, STEPHANIE NAVARRO, ROBERTO SERRANO, and ALEXANDER WASHINGTON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; GREGORY J. AHERN in his official capacity as Sheriff of the Alameda County Sheriff's Office; KARYN TRIBBLE in her official capacity as Director of Alameda County Behavioral Health Department,<br><br>Defendants. | Case No. 5:18-cv-07677-NC<br><br>**DEFENDANTS' OPPOSITION TO REGINALD ROBERTSON'S MOTION TO ENFORCE JUDGMENT FOR A SPECIFIC ACT**<br><br>Judge:   Honorable Nathanael Cousins |

## I.     INTRODUCTION

On March 7, 2024, the Court directed the parties to file a response to Reginald Robertson's March 4, 2024 Motion, which is styled as a Notice of Motion and Motion to Enforce Judgment under Rule 70 of the Federal Rules of Civil Procedure. ECF Nos. 530-531. Mr. Robertson's Motion raises several allegations, including that he and other SRJ inmates with mental disabilities were denied access to work and educational programs while non-disabled inmates were granted

those same opportunities.  Mr. Robertson's Motion should be denied for two independent reasons. First, Mr. Robertson's request is procedurally improper.  As a pro se inmate and member of the Plaintiff class, he improperly seeks individual injunctive relief *without* counsel of record and outside the mechanisms set forth by the Court.  Rule 70 is also misapplied here because Defendants continue to comply with the acts specified by this Court's Consent Decree.  *See* ECF No. 266-1.  Second, Mr. Robertson has not been denied access to work and educational programs as a result of his purported disability and is therefore not entitled to the requested relief.

## II.   ARGUMENT

### A.   Mr. Robertson's Request is Procedurally Improper.

As an initial matter, Mr. Robertson's Motion to Enforce Judgment under Rule 70 is misplaced as it ignores the mechanisms to raise such concerns in the Consent Decree.  In accordance with section IV(D)(1), "[w]here Class Counsel has a good faith basis for doing so, they may bring individual class member concerns on topics covered by this Consent Decree to the attention of Defendants in writing."  ECF No. 266-1, at p. 68:11-13.  Mr. Robertson filed the instant Motion as a pro se inmate and member of the Plaintiff class.  There is, however, no indication that Mr. Robertson communicated with Class Counsel in connection with this Motion, nor did Class Counsel bring Mr. Robertson's concerns to the attention of Defendants in writing, consistent with the above provision.  Nor does Mr. Robertson provide any justification for ignoring the procedures set forth for class member concerns in this case.

The Consent Decree does not contemplate the court's review of – and the parties' responses to – potentially numerous filings from pro se inmates who are members of the Plaintiff class and already represented parties.  Nor would it be practicable to review such filings, especially those that seek injunctive relief arising from the same factual predicate raised in the instant case.  *See* Order Re: Pro Se Inmate Filings, *Coleman v. Brown* & *Plata v. Brown*, No. CIV S-90-0520 LKK JFM P & No. C01-1351 TEH, U.S. District Court Composed of Three Judges Pursuant to Section 2284, 28 U.S.C. (filed Sept. 14, 2011) (ordering that inmate members of the Plaintiff class may only file motions and other documents through their counsel of record) (courtesy copy attached as Exh. A to the Decl. of Carson R. Niello, filed herewith).

Moreover, Mr. Robertson improperly relies on Rule 70 to seek individual injunctive relief on subjects that are covered by the Consent Decree, including the provision of programming and activities offered at SRJ. *See* ECF No. 266-1, at pp. 17-24. Rule 70 provides that where a judgment requires a party to perform a specific act and the party fails to do so within the time specified, a court may order the act to be done by another person or take other actions to compel the party to perform the act. Fed. R. Civ. P. 70; *see* 12 C. Wright and A. Miller, Federal Practice & Procedure § 3021 (3d ed.) (Rule 70 "gives courts ample power to deal with parties who seek to thwart judgments by refusals to comply with orders to perform specific acts."). Rule 70 "applies only to parties who have failed to perform specific acts pursuant to a judgment." *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1304 (9th Cir. 1990). But here, Defendants are in the process of implementing the negotiated Consent Decree, many requirements of which have not yet come due under its terms. These requirements are being monitored by independent, court-appointed joint experts who regularly report on Defendants' progress toward compliance. The experts and Class Counsel may raise compliance concerns with this Court, but it is inappropriate for represented class members to do so on an individualized basis.

Further, while the Consent Decree does not act as a bar to any claims for individual damages or injunctive relief on subjects not covered by the Consent Decree, it does "preclude injunctive claims filed prior to the dismissal of this action, if those claims arise from the same factual predicate raised in the instant case." *Riker v. Gibbons*, No. 3:08-cv-00115-LRH-VPC, 2010 WL 4366012 at *2 (D. Nev. Oct. 28, 2010) (unpublished). Mr. Robertson's claims here are predicated on the same factual claims in the instant case, and they concern issues covered by the Consent Decree—e.g., access to programming and activities, and cleaning of common areas. *See* ECF No. 266-1, at pp. 7-9; and 17-24. Accordingly, the Consent Decree precludes Mr. Robertson's Motion, and it should be denied on these independent grounds.

**B.    Mr. Robertson Has Not Been Denied Access to Programs as a Result of His Purported Disability and is Therefore Not Entitled to the Requested Relief.**

Mr. Robertson alleges that he has been denied access to work and educational programs due to his mental health diagnosis in violation of the Americans with Disabilities Act (ADA). His

claims fail as the basis for his denial is not his disability, but rather his failure to meet the requirements for participation in these activities – including his pending charges, behavior during his current incarceration, and his assigned Housing Unit.

To state a claim of disability discrimination under Title II of the ADA, a claim must meet four elements: (1) the individual has a disability; (2) the individual is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the individual was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the individual's disability. *See Weinreich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.1997); *see also Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Mr. Robertson seeks access to programing at Santa Rita Jail that he is disqualified from participating in due to his failure to meet set criteria unrelated to his purported disability. Thus, Mr. Robertson's allegations fail to meet, at the very least, elements 2 and 4 and his claim must fail.

### 1. **Mr. Robertson Is Not Qualified to Serve as a Housing Unit Pod Worker.**

Holding a position as a Pod Worker in Santa Rita Jail carries with it responsibilities that may place incarcerated individuals in contact with civilian staff within the jail. Decl. of Deputy A. Soto iso Opp'n to Mot. to Enforce Judgment, filed herewith (Soto Decl.), ¶ 2. To provide a safe environment for all involved, incarcerated persons who apply for these positions are evaluated by criteria designed to mitigate the risks of physical violence and attempted escape. *Ibid.* The factors considered include, as stated above, the incarcerated person's pending charges and behavior during incarceration. *Ibid.* Incarcerated persons with mental health concerns who meet the required criteria are not categorically excluded from holding positions as Pod Workers. *Id.* at ¶ 3.

Mr. Robertson is currently a medium security inmate being held at Santa Rita Jail on several violent felony charges, including Forcible Rape, Great Bodily Injury – Sex Offense, Assault with a Deadly Weapon, and Sex Offense – Multiple Victims Clause. *Id.* at ¶ 4. These charges alone disqualify him being selected to be a Housing Unit Pod Worker. *Ibid.* Additionally, Mr. Robertson has had three separate incidents of physical violence with another inmate in the last

two years and, in at least one instance, refused to stop fighting until a deputy deployed a Taser. *Id*. at ¶ 5. Previous interactions with another inmate have also resulted in a security protocol, called a "keep separate," preventing Mr. Robertson and the other inmate from occupying the same space at the same time. *Ibid*. His recent in-custody history involving multiple physical altercations is similarly disqualifying. *Ibid*.

Because the denial of Mr. Robertson's application to become a Pod Worker was based on the aforementioned criteria for Pod Worker selection and not, as he alleges, on his purported disability, his application's rejection was indisputably not a violation of the ADA. *See Weinreich*, 114 F.3d at 978; *see also Thompson*, 295 F.3d at 895.

2. **Inmates Housed on the Medium/Maximum Side of Santa Rita Jail, Including Mr. Robertson, Are Not Currently Entitled to Access the "Big Yard." Access to the "Quasi Yard" is not Impacted by Purported Disabilities.**

The "big yard" is a large open area on the minimum/medium custody side of the Santa Rita Jail that can be used for recreation. Soto Decl., ¶ 6. It also provides access to other Housing Units and is frequented by civilian staff walking between the jail's Housing Units. *Ibid*. Due to various logistical issues and similar considerations as those discussed above, including interaction with and exposure to civilian staff and other jail civilian visitors, currently only incarcerated persons housed on the minimum/medium side of Santa Rita Jail are allowed to access the "big yard." *Ibid*. Incarcerated persons housed on the medium/maximum side of the facility (Housing Units 1 through 9) currently have access to "quasi yards," which are more secure outdoor recreation areas attached to each Housing Unit. *Ibid*.

Because Mr. Robertson is currently housed on the medium/maximum side of the facility (Housing Units 1 through 9), he is ineligible to use the "big yard" and only has access to the "quasi yards." *Ibid*. Mr. Robertson has access to his Housing Unit's "quasi yard." Soto Decl., ¶ 6. In November 2023, Mr. Robertson was offered the opportunity to relocate from his current Housing Unit to a Housing Unit on the minimum/medium side of Santa Rita Jail, which would have allowed him to access to the "Big Yard" Soto Decl. ¶ 9. The offer was made to address Mr. Robertson's "keep separate." Mr. Robertson declined the offer and instead expressed a desire to

remain housed on the medium/maximum side of Santa Rita Jail (Housing Units 1 through 9), which ACSO's Classification Unit accommodated by relocating the other party to the "keep separate" to a different Housing Unit. *Ibid.*

Mr. Robertson's current inability to use the "big yard" for recreation is in no way rooted to his purported disability; it is instead tied to his current Housing Unit on the medium/maximum side of the facility (Housing Units 1 through 9). Because Mr. Robertson's inability to use the "big yard" is not tied to his purported disability, and access to the "quasi yard" is available regardless of his purported disability, there has indisputably been no ADA violation.

### 3. Inmates Housed on the Medium/Maximum Side of the Jail, Including Mr. Robertson, Are Not Currently Entitled to Attend Classes at Sandy Turner.

Mr. Robertson complains that he is not permitted to attend classes at the Sandy Turner II Education Facility (Sandy Turner) due to his purported disability. Sandy Turner is an onsite facility located within Santa Rita Jail that provides a classroom environment for incarcerated persons housed on the minimum/medium side of the jail to attend classes. Soto Decl. ¶ 7. In person classes are provided in the multi-purpose room on the medium/maximum side of the jail (Housing Units 1 through 9) for incarcerated persons housed there. *Ibid*.

As Mr. Robertson notes in his Motion, when he was housed on the minimum/medium side of the jail in Housing Units 21 and 23, he attended in-person classes at Sandy Turner. *See*, *e.g.*, ECF No. 530 at 3, ¶ 5. Now that Mr. Robertson is housed on the medium/maximum side of the jail (Housing Units 1 through 9) in Housing Unit 6, he is disqualified from attending in person classes at Sandy Turner, but is instead able to attend the in-person classes held in the multi-purpose room of his assigned Housing Unit. Soto Decl. ¶ 7. As mentioned above, Mr. Robertson has already declined the opportunity to re-locate to the minimum/medium side of Santa Rita Jail, which would have made him eligible to attend in-person classes at the Sandy Turner facility. As of the time of this filing, the following courses were being offered in Mr. Robertson's current

Housing Unit:[1]

- English (through Chabot College)
- Entrepreneurship (through Chabot College)
- Communication (through Chabot College)
- Parenting and Academic Courses
- The Mind Body Awareness Project

Soto Decl. ¶ 10.  Notably, Mr. Robertson has not signed up for any of these available courses.  *Ibid.*  As Mr. Robertson's inability to access Sandy Turner is in no way rooted to his purported disability, but rather his currently assigned Housing Unit (from which he has declined to relocate), there has indisputably been no ADA violation.

### III. CONCLUSION

Mr. Robertson's Motion is procedurally improper and should be denied on that basis alone.  He is also ineligible to participate in the programs and activities identified in his Motion by virtue of his custody status (including his current housing assignment), nature of his charges, and his in-custody behavior – and notably, not because of his purported disability.  Accordingly, Mr. Robertson has failed to establish that he is entitled to the relief requested and his Motion should be denied.

DATED:  March 18, 2024                                         HANSON BRIDGETT LLP

By:     */s/ Carson R. Niello*
PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS
CARSON R. NIELLO
Attorneys for Defendants

---

[1] These classes are not all available as in-person classes.

| | | |
|---|---|---|
| 1 | Dated:  March 18, 2024 | BURKE, WILLIAMS & SORENSEN, LLP |
| 2 | | |
| 3 | | By:   */s/ Temitayo O. Peters*   |
| 4 | | Gregory B. Thomas<br>Temitayo O. Peters<br>Attorneys for Defendants |