HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
swolff@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Temitayo O. Peters (SBN 309913)
E-mail: tpeters@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612-3501
Tel:  510.273.8780  Fax: 510.839.9104

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ASHOK BABU, ROBERT BELL, IBRAHIM KEEGAN-HORNSBY, DEMAREA JOHNSON, BRANDON JONES, STEPHANIE NAVARRO, ROBERTO SERRANO, and ALEXANDER WASHINGTON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; GREGORY J. AHERN in his official capacity as Sheriff of the Alameda County Sheriff's Office; KARYN TRIBBLE in her official capacity as Director of Alameda County Behavioral Health Department,<br><br>Defendants. | Case No. 5:18-cv-07677-NC<br><br>**DECLARATION OF DEPUTY A. SOTO IN SUPPORT OF DEFENDANTS' OPPOSITION TO REGINALD ROBERSON'S MOTION TO ENFORCE JUDGMENT**<br><br>Judge:   Honorable Nathanael Cousins |

I, Deputy A. Soto, declare as follows:

1.  I am a Classification Deputy with the Alameda County Sheriff's Office. I have worked for the Alameda County Sheriff's Office for nine years and have worked at Santa Rita Jail for the majority of that time. I am familiar with the classification procedures and policies of Santa Rita Jail through personal observation and experience as well as from my participation in the drafting and revisions of said policies. I am further familiar with the practical application of these

1. policies through personal observation and experience. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. Holding a position as a Pod Worker at Santa Rita Jail carries with it responsibilities that may place incarcerated individuals in contact with civilian staff within the jail. To provide a safe environment for all involved, incarcerated persons who apply for these positions are evaluated using criteria designed to mitigate the risks of physical violence and attempted escape. The factors considered include the incarcerated person's pending charges, and behavior within the jail.

3. Incarcerated persons with mental health concerns who meet the required criteria are not categorically excluded from holding positions as Pod Workers.

4. Reginald Robertson is currently a medium security inmate at Santa Rita Jail. He is in custody on several charges, including Forcible Rape, Great Bodily Injury – Sex Offense, Assault with a Deadly Weapon, and Sex Offense – Multiple Victims Clause. These serious charges alone, not his mental health diagnosis, disqualify him being a Pod Worker in his assigned Housing Unit.

5. Since coming into custody at Santa Rita Jail two years ago, Mr. Robertson has had three separate incidents of physical violence with another inmate and, in one instance, refused to stop fighting until a deputy deployed a Taser. Previous interactions with another inmate have also resulted in a security protocol, called a "keep separate," preventing Mr. Robertson and the other inmate from occupying the same space at the same time. Due to his involvement in three incidents of physical violence, the security protocol entailed in Mr. Robertson's "keep separate," and his above-referenced pending charges, Mr. Robertson currently does not meet the criteria to serve as a Pod Woker in his assigned Housing Unit.

6. The "big yard" is a large open area on the minimum/medium custody side of the jail that can be used for recreation. Because the "big yard" provides access to several Housing Units on the minimum/medium custody side of the jail, civilian staff and other jail civilian visitors frequently use the "big yard" to walk between the Housing Units . Due to the frequency and number of civilians who frequent the "big yard," as well as the logistical complication of moving

1  inmates from one side of the jail facility to another, only incarcerated persons housed on the
2  minimum/medium side of Santa Rita Jail are currently allowed to access the area. Incarcerated
3  persons housed on the medium/maximum side of the jail, regardless of disability status, are
4  regularly offered access to "quasi yards," which are more secure outdoor recreation areas that are
5  attached to each Housing Unit. Because Mr. Robertson is currently housed in Housing Unit 6 on
6  the medium/maximum side of the facility (Housing Units 1 through 9), he only has access to the
7  "quasi yard" attached to his Housing Unit.

8  7.  The Sandy Turner Educational Facility ("Sandy Turner"), which is located within
9  Santa Rita Jail, provides an educational environment for minimum and medium security
10 incarcerated persons to attend classes. Sandy Turner is only accessible to incarcerated persons
11 who are housed on the minimum/medium security side of the jail because it is partially staffed by
12 civilians. For this reason, and the logistical complications, individuals who are housed on the
13 medium/maximum security side of the jail (Housing Units 1 through 9) do not attend in-person
14 classes at Sandy Turner. These individuals instead attend in-person classes in the multipurpose
15 rooms of their assigned Housing Units. Due to the limited number of teachers, classes are rotated
16 throughout the jail. If an incarcerated person wants to take a particular class that is either full or
17 not currently being offered in their Housing Unit, the person is placed on a waiting list so that they
18 can attend the next available offering of the class in their Housing Unit.

19 8.  Mr. Robertson is not currently disqualified from attending classes at Sandy Turner
20 because of a mental health diagnosis. He is ineligible to take classes at Sandy Turner because he
21 is currently housed in Housing Unit 6, which is on the medium/maximum side of Santa Rita Jail
22 (Housing Units 1 through 9).

23 9.  In November 2023, Mr. Robertson was offered the opportunity to relocate from his
24 current Housing Unit to a Housing Unit on the minimum/medium side of Santa Rita Jail, which
25 would make him eligible to take classes at Sandy Turner. This offer was made to address Mr.
26 Robertson's "keep separate." Mr. Robertson declined the offer and instead expressed a desire to
27 remain housed on the medium/maximum side of Santa Rita Jail (Housing Units 1 through 9).
28 ACSO's Classification Unit accommodated Mr. Robertson's request and instead relocated the

1 | other party involved in the "keep separate" to a different location.

2 |     10.    The following courses are currently offered within Mr. Robertson's Housing Unit:

- English (through Chabot College)
- Entrepreneurship (through Chabot College)
- Communication (through Chabot College)
- Parenting and Academic Courses
- The Mind Body Awareness Project

As of the date of this declaration, Mr. Robertson has not expressed an interest in taking any of the courses that are currently being offered in his Housing Unit.

    I, Deputy A. Soto, declare under the penalty of perjury that the foregoing is true and correct. Executed in Dublin, California on March 18, 2024.

_____
Deputy A. Soto