UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHOK BABU, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GREGORY J. AHERN, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-07677-NC<br><br>**ORDER DENYING MOTION TO ENFORCE JUDGMENT FOR SPECIFIC ACT AND GRANTING PLAINTIFFS' REQUESTED RELIEF**<br><br>Re: ECF 530, 533, 534, 535 |

　　　　Class member Reginald Robertson filed a Motion to Enforce Judgment for Specific Act (Motion) seeking an order from the Court compelling Defendants to provide sub-class members with mental health diagnoses greater access to inmate worker positions, educational and recreational opportunities, and clean facilities under the terms of the Consent Decree in this matter. ECF 266-1, Ex. 1, 436, 530; *see also* ECF 535 (Decl. of R. Robertson). Defendants Alameda County and members of the Alameda County Sheriff's Office and Alameda County Behavioral Health Department oppose the Motion as procedurally improper, and argue Mr. Robertson, as an inmate at Santa Rita Jail, has not stated a claim for disability discrimination under Title II of the American with Disabilities Act because he has not been denied access to jail programs based on a disability. ECF 534. Class counsel for Plaintiffs "join Mr. Robertson's concerns regarding equal access to programming and request" the Joint Experts investigate the allegations in Mr. Robertson's

Motion. ECF 533 at 5. The Court denies the Motion for procedural reasons, but agrees with class counsel that the allegations in the Motion merit further investigation.

Defendants are correct that Mr. Robertson has brought his concerns before the Court using an improper procedure. *See* ECF 534 at 2. Mr. Robertson is a member of the plaintiff class. ECF 530 at 1-2. He must therefore raise any concerns related to this matter using the procedures in the Consent Decree. *See Nehmer v. Dep't of Veterans* Affairs, 494 F.3d 846, 861-65 (9th Cir. 2007) (requiring parties to follow procedures according to the plain language of a consent decree in a class action); *Riker v. Gibbons*, No. 3:08–cv–00115–LRH–VPC, 2010 WL 4366012, at *6 (D. Nev. Oct. 28, 2010) ("The class is being provided relief for the claims made in the instant action, so that individuals with claims based on an identical factual predicate will have access to relief through the settlement agreement."). Under the Consent Decree, class counsel "may bring individual class member concerns on topics covered by this Consent Decree to the attention of Defendants in writing." ECF 266-1, Ex. 1 at 68. Despite Mr. Robertson's recorded objection to the Consent Decree, *see, e.g.*, ECF 307 and 457, he must work with class counsel to follow the Consent Decree's procedures regarding grievances and dispute resolution. ECF 266-1, Ex. 1 at 67-69; *see* Order Re: Pro Se Inmate Filings, *Coleman v. Brown & Plata v. Brown*, No. CIV S-90-0520 LKK JFM P & No. C01-1351 TEH, U.S. District Court Composed of Three Judges Pursuant to Section 2284, 28 U.S.C. (filed Sept. 14, 2011) ("As members of the plaintiff classes, such inmates are represented parties and may file motions and other documents only through their counsel of record."). Accordingly, the Court denies the Motion on procedural grounds, and does not address Mr. Robertson's or Defendants' arguments on the merits.

Nonetheless, the Court agrees with class counsel that the allegations in the Motion merit review. ECF 533 at 5. Specifically, the "Joint Neutral Experts should further investigate Mr. Robertson's allegations to determine if individuals with psychiatric disabilities are being denied equal access" to: Five Keys, Sandy Turner, and any other available educational opportunities; work opportunities; outdoor recreational opportunities

1 in the "big yard" and "quasi-yards"; and hygienic facilities subject to regular cleaning. By
2 way of Plaintiffs' response to the Motion, ECF 533, class counsel has now brought the
3 concerns of an individual class member—Mr. Robertson—to Defendants' attention in
4 writing, and Defendants have responded to these concerns, ECF 534, as contemplated by
5 the Consent Decree. ECF 266-1, Ex. 1 at 68. The Court therefore grants the Plaintiffs'
6 requested relief.

The parties are ordered to submit a joint report, not to exceed ten pages, by July 29, 2024, summarizing the status of subsequent investigation into Mr. Robertson's allegations and the results of the most recent reports from the Joint Experts. *See* ECF 266-1, Ex. 1 at 64-66. Class counsel is to provide a copy of this order to Mr. Robertson.

**IT IS SO ORDERED.**

Dated:  May 29, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3